THE CITY OF HOLTON v. WILLIAM MANNIX.
No. 536.

APPELLATE PRACTICE — *reviewing court has discretion to hear appeal when appellant is fugitive from justice.* In a criminal case, where the appellant has escaped and is not within the jurisdiction or control of the court, either actually or constructively, it is clearly within the discretion of the Court of Appeals to refuse to hear such case on appeal. Under such circumstances, it is not necessary or advisable to hear and decide what may prove to be only a feigned issue.

Appeal from Jackson District Court. Hon. Louis A. Myers, Judge. Opinion filed July 16, 1897. *Dismissed conditionally.*

*Sidney Hayden,* for appellee.

*Crane & Woodburn,* for appellant.

McELROY, J. This is an appeal by William Mannix from a judgment of conviction in the District Court of Jackson County for the violation of a city ordinance. The case was brought to that court on an appeal from the police court of the City of Holton.

It appears that on April 11, 1897, the appellant became a fugitive from justice. It is admitted that the appellant has escaped, and is not within the jurisdic-

tion and control of the court below, either actually or constructively. If this court should affirm the judgment, he is not likely to appear and submit to his sentence, and if this court should reverse the judgment and order a new trial, he will appear or not as he may consider most to his interest. Under such circumstances, we do not deem it necessary or advisable to hear and decide what may prove to be only a feigned issue. It is clearly within our discretion to refuse to hear a criminal case on appeal, unless the appellant is where he can be made to respond to such judgment as might be rendered.

It is therefore ordered, that, unless the appellant submits himself to the jurisdiction of the court within sixty days from this date, the appeal be dismissed.