THE STATE OF KANSAS v. SAM. SCOTT.
No. 14,196.   (79 Pac. 126.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Appeal Dismissed.*   If, after an appeal to this court, a defendant convicted of felony becomes a fugitive from justice, the appeal will be dismissed.

Appeal from Elk district court; GRANVILLE P. AIKMAN, judge.   Opinion filed January 7, 1905.   Dismissed.

*C. C. Coleman,* attorney-general, and *A. T. Ayers,* for The State.

*S. S. Kirkpatrick,* for appellant.

The opinion of the court was delivered by

WILLIAM R. SMITH, J. :   The appellant was charged with the crime of grand larceny, tried, and convicted. After overruling a motion for a new trial the court sentenced him to hard labor in the penitentiary.   He was allowed by the court sixty days within which to make and serve a bill of exceptions.   The court fixed a bond in the sum of $600, upon the execution and approval of which the judgment of the court was to be stayed, pending the preparation of the bill of exceptions.   A bond signed by the appellant and three sureties was given and approved on May 12, 1904. The bill of exceptions was allowed and signed on June 29, following.   On August 18, notices of appeal to this court were served, and a bill of exceptions and transcript filed here on September 16, 1904.   On September 7, 1904, the county attorney of Elk county made an application to the district judge for an order directing the sheriff to convey Scott to the peniten-

tiary. A hearing of the application was set for September 13, with directions that notices of it be served on defendant and his attorney, which was done.

On the day set Scott did not appear in person or by counsel, and it was found that by such failure he had violated the conditions of his bond, which were that he would keep and observe all orders made by the court with reference to his custody, and, upon the order of the court or judge, surrender himself into the possession of the sheriff, and do and perform such other things as might be required of him pending the appeal. The bond was declared forfeited.

In support of a motion filed in this court by the state to dismiss the appeal, it is made to appear that, after Scott's conviction in this case, a complaint was filed against him for cattle stealing; that a warrant was issued for his arrest, but he was not found by the sheriff. It has been made to appear also that one of the bondsmen informed the sheriff that relatives of Scott had raised money to pay the amount of the bond given pending the preparation of the bill of exceptions.

The appellant is a fugitive from justice. He is not serving his sentence nor has he given bond to stay the execution of the judgment imposed by the trial court pending the appeal. Courts have uniformly declined to hear parties similarly situated. (*Commonwealth v. Andrews*, 97 Mass. 543; *People v. Tremayne*, 3 Utah, 331, 3 Pac. 85; Whart. Crim. Pl. & Pr., 8th ed., § 774a; *People v. Redinger*, 55 Cal. 290, 36 Am. Rep. 32; *Smith v. United States*, 94 U. S. 97, 24 L. Ed. 32; *Bonahan v. Nebraska*, 125 id. 692, 8 Sup. Ct. 1390, 31 L. Ed. 854.) In the three cases last cited writs of error sued out to reverse judgments of conviction were dismissed conditionally, it being ordered that if the appellants, who

were fugitives from justice, should appear within a time fixed by the court their appeals would be heard. In a case not reported this court made a like order. Counsel for appellant, though duly served with notice of the motion to dismiss, has offered no assurance that his client intends to appear at any time. The action of his bondsmen in arranging to pay the amount of their liability indicates that defendant has no intention of returning.

In *People of the State of N. Y. v. Genet*, 59 N. Y. 80, 82, 17 Am. Rep. 315, it was said :

"In criminal cases there is no equivalent to the technical appearance by attorney of defendant in civil cases, except the being in actual or constructive custody. When a person charged with felony has escaped out of custody, no order or judgment, if any should be made, can be enforced against him ; and courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of the person charged with crime. . . .

"The provisions of the statutes, giving to defendants in criminal cases the right to make a bill of exceptions, are not so absolute as to displace all the other principles which belong to criminal proceedings, but must be taken in subordination to them.

"We think they do not require the courts to encourage escapes and facilitate the evasion of the justice of the state, by extending to escaped convicts the means of reviewing their convictions."

The appeal is dismissed.

All the Justices concurring.