Commonwealth ex rel. Sholter, Appellant, *v.* Claudy.

Argued April 16, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Gustav W. Wilde,* for appellant.

*Edward L. Willard,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1952:

This is an appeal from an order of the Court of Common Pleas of Centre County, dismissing relator's petition for a writ of habeas corpus and refusing the writ.

On August 3, 1942, the relator, George ·F. Sholter, was sentenced by the Court of Oyer and Terminer of Blair County to serve a term of 5½ to 11 years from July 28, 1942, for a conviction on three charges of robbery and attempted robbery. He was committed to the Western State Penitentiary and later, on August 9, 1945, was transferred to Rockview Prison Farm in Centre County, from which he escaped on June 11, 1946. He was at large until February 22, 1950, at which time he was apprehended at Rock Hill, South Carolina. He was returned to Pennsylvania and placed in Centre County jail on February 28, 1950.

On May 12, 1950, relator entered a plea of guilty to the crime of prison breach defined and made punishable by section 309 of The Penal Code of 1939, P. L. 872, 18 PS sec. 4309; and on that day was sentenced by the court below to "pay the costs of prosecution and undergo imprisonment in the Western State Penitentiary of ·Pennsylvania for and during the term of not less than two (2) nor more than four (4) years to be computed from the expiration of the sentence imposed by the Court of Oyer and Terminer of Blair County to No. 22-B October Term, 1942, credit to be given, however, on account of this sentence for ·the period of time from February 28, 1950, to the date of this sentence, and stand committed until the sentence is complied with."

Relator's petition for writ of habeas corpus was filed with the court below on November 6, 1951. Answers were filed by the District Attorney of Centre County and by the Warden of the Western State Penitentiary. The court, in an opinion filed November 9, 1951, dismissed the petition on the ground that the relator was still legally confined under the Blair County sentences and that the petition was, for that reason, premature. Thereafter, however, it came to the attention of the court that the Blair County sentences had been commuted by the Pennsylvania Board of Parole as of October 15, 1951, and that relator had been detained in the Western State Penitentiary to begin serving the sentence imposed for prison breach. A new order was filed on November 15, 1951, cancelling the prior order and thereafter, on November 21, 1951, the matter was heard on the merits. Relator was present at this hearing and gave testimony. In a second opinion filed November 29, 1951, the petition was again dismissed.

The relator set forth in his petition the following reasons in support of his contention that the writ should issue: (1) That he was held "incommunicado in the County Jail of Centre County . . . for seventy-four (74) days"; (2) That "no charge and no information was drawn up against him, until seven (7) months after his escape"; (3) he was not given a preliminary hearing on the escape charge and so was not "informed of the nature of the charge against him, [was] given [no] opportunity to obtain Counsel, . . . witnesses, . . . [or] to enter a plea"; (4) the court pronounced sentence on a "district attorney's Bill of indictment which was not valid after two years, since the charge was a misdemeanor"; (5) the sentence of the court of not less than two years nor more than four years to be "computed from February 28, 1950", was altered by the "Chairman of the Pennsylvania Board of Parole"

to "two (2) to four (4) years, computed from October 15, 1951"; (6) he was denied counsel when he appeared to enter a plea to the charge of prison breach.

The record discloses that while relator was held in Centre County he was permitted to consult on various occasions with two attorneys and to receive frequent visits from a woman who claimed to be his wife and with whom he had been living in South Carolina. When the meaning of the word "incommunicado" was explained to relator he admitted that the statement in his petition was contrary to fact. With respect to relator's claim that "no information was drawn up against him until seven (7) months after his escape", there is of record an information charging relator with prison breach dated June 12, 1946. When confronted with this information the relator admitted making a second false statement in his petition. Sentence was imposed on a true bill found by the grand jury on November 25, 1946, and not on a district attorney's bill as relator asserted in his petition. Relator's statement that he was denied counsel when he appeared to enter a plea is untrue, as will appear from the following testimony taken on May 12, 1950: "Q. I believe you did have an attorney, W. Bruce Talbott? A. Yes. Q. I believe we gave you an opportunity to call him on the telephone and he said he would not be here? A. Yes. Q. Are you satisfied that he shouldn't be here? A. Yes. Q. Would you like to consult some other attorney before entering the plea? A. No, sir. Just so I can have a chance to say my story. Q. I want you to understand that you do have the right to an attorney and I will appoint one for you if you see fit? A. I appreciate that but I don't want one."

From the foregoing it is clear that four of the relator's six contentions, being based upon false and inaccurate statements, are wholly without merit. The remaining contentions, that the sentence of the court

below was altered by the prison authorities and that he was denied the opportunity to prepare a defense because given no preliminary hearing, are equally devoid of substance.

Relator argues that the court below sentenced him to a term of not less than two nor more than four years to be "computed from February 28, 1950, and the Chairman of the Pennsylvania Board of Parole revoked this Order . . . and made the Order to read two (2) to four (4) years, computed from October 15, 1951." Relator simply misread the sentence of the court below. The sentence was by its terms to be computed from the expiration of the Blair County sentence. The purpose of that portion of the sentence to which relator makes reference was simply to give relator credit for the time he served in the Centre County jail, from February 28, 1950 to May 12, 1950.

Relator's final contention was that he "was not given a hearing before an Alderman or a Justice of the Peace, and informed of the charge against him, and given an opportunity to obtain counsel, and witnesses, and to enter a plea". He argues that the failure to give him a preliminary hearing "was a fundamental error, according to law, which states a defendant when arrested must be taken to the nearest Alderman, Magistrate, or Justice of the Peace for a hearing, and SPEEDILY". The court below in its excellent opinion pointed out that relator was not apprehended until approximately 5 years after the information was made and almost as long after the information was returned to the Court of Quarter Sessions of Centre County and made the basis for an indictment found by the grand jury. This procedure was, of course, necessary to stay the running of the statute of limitations. After relator had been apprehended in South Carolina and had been returned to Pennsylvania, the court held, he was not entitled to a preliminary hearing because at that time

an indictment had already been found. Further, a defendant will be deemed to have impliedly waived the right to a preliminary hearing where, as here, he absents himself from the state when a criminal warrant is issued. *Com. v. Jobe,* 91 Pa. Superior Ct. 110; *Sadler, Criminal Procedure in Pennsylvania,* vol. 1, sec. 122.

We are satisfied that the court below ably and correctly disposed of every contention advanced by relator in his petition for writ of habeas corpus.

Before us, *for the first time,* relator raises three new contentions. Although matters not raised nor considered below cannot be invoked on appeal even though they involve constitutional questions (*Com. v. Klick,* 164 Pa. Superior Ct. 449, 65 A. 2d 440) we have considered these new contentions and find them without merit. The first two, raising factual questions—the term of the sentence imposed and the Parole Board's alleged violations of the instructions of the court below—are contradicted by the record. The third contention—that section 309 of the Penal Code of 1939 is unconstitutional—is equally without merit. See *Com. ex rel. Sullivan v. Ashe,* 325 Pa. 305, 188 A. 841, affirmed 302 U. S. 51, 58 S. Ct. 59.

Order affirmed.