Commonwealth *v.* Carey, Appellant.

Argued March 4, 1963. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Paul A. McGlone,* with him *James J. Zaydon,* for
appellant.

*Thomas J. Foley,* Assistant District Attorney, with him *Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 12, 1963:

The appellant, Rocco Carey, was indicted for the crimes of conspiracy and burglarizing the dwelling house of Walter Shimkus in the City of Scranton on December 6, 1959, and was found guilty of the burglary charge. His motions for a new trial and in arrest of judgment having been refused, he was sentenced. This appeal is from that judgment of sentence.

The errors assigned in his appeal and his contentions concerning them may be grouped in the following categories: (1) his basic rights were violated because the indictment was found without affording him a preliminary hearing; and this procedure was illegal because based upon an untrue fugitive affidavit; (2) wrongful denial of access or permission to use evidence in the hands of the Commonwealth, particularly the prior statements made by the Commonwealth's chief witness; (3) trial errors in admitting incompetent evidence; and (4) the insufficiency of the evidence to support the verdict.

## Denial of a Preliminary Hearing

The affidavit referred to above in this connection was that of City Detective Alfred Petrini, who, on April 23, 1962, swore that on December 8, 1961, an information had been laid before a police magistrate of the City of Scranton charging the defendant Rocco Carey with the crime of burglary, and that upon such information a warrant was issued for the arrest of said defendant; and that diligent search and inquiry for him throughout the county and state aforesaid (Lackawanna and Pennsylvania) had failed to accomplish the arrest of appellant, said Rocco Carey. The date of De-

cember 8, 1961, recited in that affidavit, was admittedly an error. The record indicates that the correct date on which the information had been laid before the police magistrate was February 1, 1962. It was on that date that seven other participants in the burglary, in entering pleas of guilty to the charges, first implicated the appellant.

Based on said affidavit President Judge HOBAN found that Carey was a fugitive and ordered that an indictment for said crime be submitted to the grand jury without previous arrest and binding over of the defendant. This order was dated April 30, 1962, and pursuant thereto the grand jury considered the matter and returned a true bill on May 3, 1962. Carey subsequently surrendered and entered bail pending trial. Appellant filed a motion to quash the indictment for this reason, and an answer thereto was filed by the District Attorney in which it was further contended by the Commonwealth that the defendant had been a fugitive. The motion to quash was denied.

It is appellant's present contention that having been denied a preliminary hearing, he had no opportunity to learn the time, place and circumstances of the alleged offense from his accusers; that he was deprived of his right to challenge the array of the grand jury; and that the indictment was returned by the grand jury in the form of a true bill impressed with the court order which indicated that the defendant had been a fugitive on and after December 8, 1959. Appellant relies on the cases of *Commonwealth v. Hoffman,* 396 Pa. 491, 152 A. 2d 726, and *Commonwealth v. Lizzie Green,* 126 Pa. 531, 17 A. 878. However, these cases do not involve fugitives.

Fugitive affidavits and indictments based thereon without preliminary hearings at which the accused is present are not uncommon in our criminal processes. The subject of preliminary hearings in criminal mat-

ters was thoroughly discussed in an able opinion by Judge WOODSIDE of this Court in *Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A. 2d 666. In that opinion he pointed out very clearly that the right, if any, to a preliminary hearing, is not a constitutionally given right; and that although the right of an accused to a preliminary hearing has become a part of the law of this Commonwealth, this right is not without exceptions. One of those exceptions is, and has been since the time of Blackstone and throughout the history of this Commonwealth, to indict fugitives without such a hearing. It was also stated therein that upon review of an order to quash an indictment based on a special bill submitted under the supervision of the court, this Court will not set aside the action of the lower court except for an abuse of discretion both manifest and flagrant, and in a clear case where it is convinced that harm has been done to the defendant by improper conduct that interfered with his substantial rights.

In reviewing the present record in the light of those established principles, we are at a loss to find merit in the appellant's motion to quash the indictment for reasons that there has been any improper conduct, or an abuse of discretion by the lower court in ordering the indictments submitted to the grand jury without a preliminary hearing. The strongest language used by appellant in that motion is that "the fugitive affidavit of the prosecutor and the Order of Court aforesaid are all based on an error of fact." However, no facts contrary to those alleged in the County Detective's affidavit are stated in the motion. Nowhere does the appellant state where he was during the interval between the lodging of the information with the magistrate and the affidavit of the detective to the effect that appellant could not be found. He does not state that he was at his regular place of business or within the county, that his whereabouts were known, that he was

conspicuous by his presence, or anything to indicate that he could have been apprehended by the detective who held the warrant for his arrest. Under these circumstances we cannot say that the lower court should be reversed for submitting this matter to the grand jury on the basis of appellant being a fugitive when it had before it a definite affidavit that the detective had searched the county and Commonwealth for a period of almost three months, from February 1, 1962, until April 23, 1962, without success in finding the appellant, as against the bare statement by the appellant that the affidavit was incorrect. We are of the opinion that the important date in this matter is the date of the lower court's order submitting the charges against appellant to the grand jury, which was on April 30, 1962. Regardless of whether the transcript was laid on December 6 or February 1, under the affidavit of the officer, the appellant was a fugitive on April 23, 1962, and thereafter in the absence of evidence to the contrary. In *Commonwealth ex rel. Sholter v. Claudy,* 171 Pa. Superior Ct. 442, 90 A. 2d 343, the late Judge Ross of this Court pointed out that a defendant will be deemed to have impliedly waived the right to preliminary hearing where he absents himself from the state when a criminal warrant is issued.

## Denial of Permission To Inspect Prior Statement of Mullen

During the course of the cross-examination of the Commonwealth's chief witness, Francis Mullen, it was disclosed that on two prior occasions he had given statements concerning the robbery involved in the charge against appellant. One of these statements had been given to the District Attorney's office of Lackawanna County and the other had been given in New York City to officers of that State in the presence of certain officials of Lackawanna County, including one

of its assistant district attorneys. Upon learning of the existence of these statements, counsel for the appellant demanded of the District Attorney in charge of the trial of the case that he permit inspection of the one taken in New York. This demand was acceded to only upon the condition that the statement in full be presented to the jury as part of the evidence in the case. Counsel for the appellant refused to accept this condition and moved the court for an order on the District Attorney to produce this statement for his inspection. This motion was objected to by the District Attorney. The court sustained the objection and refused to order the statement produced. This is assigned as error. It is noted that the witness Mullen was not asked whether he had made statements inconsistent with those he was making from the witness stand at the trial, and there is nothing else in the record to indicate that his counsel knew that such statements did contain any facts inconsistent with the facts being given by the witness from the stand. It is admitted by counsel for the appellant that the purpose for which he expected to use the statement was to further cross-examine the witness Mullen in order to affect his credibility. Appellant cites *Jencks v. United States,* 353 U.S. 657, 77 S. Ct. 1007, 1 L. Ed. 2d 1103; *United States v. Benson,* 20 F.R.D. 602; and *Schlesinger Appeal,* 404 Pa. 584, 172 A. 2d 835, in support of his demand. That a witness may be impeached by evidence of his prior declarations or statements inconsistent with or contradictory of his testimony at the trial would appear beyond question, provided the proper foundation for impeachment of the witness has been laid. 58 Am. Jur., Witnesses, §767. However, the question before us is whether or not the Commonwealth may be compelled to produce, for inspection by a defendant, a statement made by its witness which has been received during the course of an investigation.

"A defendant in a criminal case may have a right to inspect and use for purposes of impeachment a statement made by a witness for the prosecution before the trial and which is contradictory of the testimony of the witness. The matter rests in the discretion of the trial court, and in exercising such discretion the court will take into consideration the materiality of the statements or documents." 58 Am. Jur., Witnesses, §771.

Appellant's counsel first learned of these prior statements when cross-examining Mullen, the chief witness for the Commonwealth; and his request for the right to inspect the statement was not refused because of the immateriality or irrelevancy of the contents of the statement. In his opinion Judge HOBAN gave as his reasons for refusing the motion that the statement given to the New York District Attorney was confidential and the property of that office; that without the permission of that office its production would be unauthorized; and that the offer of the Pennsylvania District Attorney to submit it on the condition previously mentioned was purely gratuitous. He distinguished the *Jencks* case, supra, on the basis that the present statement was not a report made by a government agent; nor a public document, as in *Commonwealth v. Jennings,* 129 Pa. Superior Ct. 584, 196 A. 598. Apparently appellant did not urge as a reason for his motion for a new trial the refusal of his request for the production of the statement given to the Lackawanna District Attorney.

We find no support for such distinction as made by the court, nor for the condition imposed by the District Attorney. The *Jencks* case is controlling and indicates no such distinction. What could be more *confidential* than the reports of undercover agents of the United States containing information related to the subversive actions of citizens of the United States aligned with the Communist cause?

We sustain this assignment of trial error on the basis of the opinion of the *Jencks* case, wherein the Court said:

"We hold that the petitioner was not required to lay a preliminary foundation of inconsistency, because a sufficient foundation was established by the testimony of Matusow and Ford that their reports were of the events and activities related in their testimony. (Page 666)

"We hold, further, that the petitioner is entitled to inspect the reports to decide whether to use them in his defense. Because only the defense is adequately equipped to determine the effective use for purpose of discrediting the Government's witness and thereby furthering the accused's defense, the defense must initially be entitled to see them to determine what use may be made of them. Justice requires no less." (Page 668)

*Schlesinger Appeal*, supra, is in accord. Our opinion in *Commonwealth v. Smith*, 198 Pa. Superior Ct. 499, 182 A. 2d 104, is readily distinguishable on the grounds that the statement therein sought contained nothing relevant or material to the defense, and was not available at the trial. We also held it to be confidential without a waiver of its confidential status by the Attorney General of the United States. The New York District Attorney waived any right to have the present statement considered confidential when he released it to the Lackawanna District Attorney; it was available in the file of the Lackawanna District Attorney and should have been examined by the trial judge in order to determine the materiality and relevancy of its contents before appellant's motion was refused.

The prejudicial effect to appellant of this ruling is beyond question. Mullen was the main witness for the Commonwealth implicating appellant. Consequently, a new trial must be granted. In view of this conclu-

sion we will not discuss the other reasons assigned for a new trial.

## Motion in Arrest of Judgment

This motion was based on the contention that there was no evidence to connect appellant with the Shimkus burglary. After reviewing the record we have reached a conclusion that is in agreement with that reached by the lower court. Although there is no direct testimony as to appellant's actual participation at the scene of the burglary, there is sufficient evidence to identify him as an interested participant in the venture and therefore it was a matter for the jury, under proper charge.

Appeal sustained, judgment of sentence reversed, and new trial awarded.

RHODES, P. J., and ERVIN, J., dissent.