366 A.2d 934
**COMMONWEALTH of Pennsylvania**
v.
**Albert Charles BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Dec. 15, 1976.

Stephen Toole, Public Defender, Meadville, for appellant.

Paul D. Shafer, Jr., Dist. Atty., Ballard F. Smith, Jr., Asst. Dist. Atty., Meadville, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant was tried before a judge and jury on a charge of forcible rape. He was convicted. He became a fugitive and his post-trial motions were dismissed because the appellant had absconded. Approximately sixteen (16) months later he returned and petitioned the court to consider the post-trial motions nunc pro tunc. This petition was refused and a sentence of 4 to 8 years was imposed, from which appellant took this appeal. The sole question is whether or not the trial court acted properly in dismissing the post-trial motions and refusing to reinstate and reconsider them when appellant returned.

The jury returned its verdict on Friday, February 15, 1974, on which date appellant's bond was continued until Monday, February 18, 1974 at 9:15 A.M., at which time he was to appear before the court. He failed to appear on that date, and on February 21, 1974 his bail was forfeited and he was charged with default on required appearance.[1]

On February 22, 1974, appellant's counsel filed motions for a new trial and in arrest of judgment, on which rules to show cause were granted, returnable and set for argument on March 5, 1974. The defendant not having returned on that date, the court dismissed the post-trial motions.

On or about May 17, 1975, the appellant returned to the custody and jurisdiction of the trial court. He again applied for bail and for consideration nunc pro tunc of his post-trial motions. On June 9, 1975, his application for consideration of his post-trial motions nunc pro tunc was refused and on June 23, 1975 a sentence of not less than 4 years nor more than 8 years in a State Correctional Institution was imposed.

A defendant who runs away after having been convicted of the charge or charges against him waives his right to a judicial review of his case. If he thereafter returns it is a matter of discretion of the court whether or not the circumstances justify a reinstatement of his post-trial motions or applications. It was said in *State v. Scott*, 70 Kan. 692, 79 P. 126 (1905) :

> " * * * the provisions of the statutes giving to defendants in criminal cases the right to make a bill of exceptions are not so absolute as to displace all the other principles which belong to criminal proceedings, but must be taken in subordination to them. We think they do not require the courts to encourage escapes

1. Act of 1972, December 6, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5124.

and facilitate the evasion of the justice of the state by extending to escaped convicts the means of reviewing their convictions."

This is in keeping with the rulings in the Federal jurisdiction, *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Allen v. Georgia,* 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); *Smith v. United States,* 94 U.S. 97, 24 L.Ed. 32 (1876).[2]

■ We find that the appellant by becoming a fugitive lost his right to a review of his post-trial motions and that the trial court did not abuse its discretion in refusing to consider the motions upon his return to the jurisdiction.

Affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge (dissenting):

I dissent.

The Majority is correct that the United States Supreme Court has held that a state may refuse to reinstate a criminal defendant's direct appeal and that such refusal offends neither the Due Process nor Equal Protection Clause of the United States Constitution. See *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). However, *Estelle v. Dorrough,* supra, is predicated on the notion that there is no federal constitutional right to appellate review of state criminal convictions. *Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 285, 100 L.Ed. 897 (1956). In Pennsylvania, however, the right of appeal is guaranteed to all persons by Article 5, § 9 of our state Constitution.

I do not believe that appellant's constitutional right to appeal should be forfeited permanently in view of the

2. Cf. Our case of *Commonwealth v. Carey,* 201 Pa.Super. 292, 191 A.2d 730 (1963) in which we held that the right to a preliminary hearing may be forfeited by one who becomes a fugitive.

fact that he surrendered voluntarily. I believe that the Commonwealth's interest in ensuring that a criminal defendant does not flee is adequately vindicated by § 5124 of the Crimes Code [1] and by the Rules of Criminal Procedure, which provide for revoking bond.[2] I see no reason to add the penalty of denying the appellant his right to challenge an allegedly invalid conviction. I would, therefore, order the lower court to consider appellant's post-verdict motions nunc pro tunc.

1. A criminal defendant who absconds commits a misdemeanor of the second degree. The Crimes Code, Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 5124.

2. Rule 4016, Pa.R.Crim.P., 19 P.S. Appendix.