No. 49,118

EDWARD S. WESER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(579 P.2d 1214)

Opinion filed June 10, 1978.

*James M. Glover,* of Wichita, argued the cause and was on the brief for the appellant.

*Robert Sandilos,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Stephen M. Joseph,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER,C.J.: This is an appeal by Edward S. Weser, petitioner-appellant, from an order denying post-conviction relief by the sentencing court in a proceeding filed under K.S.A. 60-1507. The petition seeks to vacate his sentence on conviction of second-degree murder (K.S.A. 21-3402).

The facts surrounding this case are fully reported in *State v. Burrow & Dohlmar,* 221 Kan. 745, 561 P.2d 864 (1977), where convictions of the petitioner's two codefendants were affirmed on appeal. At the time their direct appeal was taken the petitioner had escaped from the penitentiary and was a fugitive from justice.

Specifically the petitioner contends the trial court lacked jurisdiction to dismiss his direct appeal, and this constitutes an exceptional circumstance which excuses his failure to perfect his direct appeal.

On July 2, 1973, the petitioner was sentenced by the Sedgwick County district court to a term of imprisonment of 30 years to life for his conviction of second-degree murder. On August 1, 1973, he timely filed his appeal with that court. Thereafter, he was granted orders extending the time for filing his designation of record and statement of points on appeal until September 3, 1974.

On August 14, 1974, the petitioner escaped from custody, and the state's motion to dismiss the appeal was sustained *by the trial court* on August 30, 1974.

The petitioner was subsequently captured and reincarcerated.

He filed a motion to reinstate his direct appeal in the Sedgwick County district court which was denied on March 26, 1976. He then filed a motion to reinstate the appeal in this court on November 22, 1976, which was denied on December 2, 1976.

On August 9, 1976, the petitioner filed his motion pursuant to K.S.A. 60-1507. The state filed a motion to dismiss claiming the petitioner had failed to allege grounds showing exceptional circumstances for failing to perfect his direct appeal. The trial court sustained the motion and dismissed the petitioner's 1507 motion on November 15, 1976. Appeal was then duly perfected to this court from the trial court's order.

At the outset we note this is not an appeal which reaches the merits of the claim. Supreme Court Rules Nos. 6(n) and 6(p), 214 Kan. xxv, which control the disposition of this case, have since been amended.

Was the dismissal of the petitioner's direct appeal on August 30, 1974, when the appeal had not yet been docketed in the Supreme Court, within the jurisdiction of the trial court?

Our court recently examined the circumstances under which it is proper for the trial court to dismiss an appeal to the Supreme Court in *Johnson v. Johnson,* 219 Kan. 190, 547 P.2d 360 (1976). After discussing the pertinent statutory provision K.S.A. 60-2103(a) and Supreme Court Rules Nos. 6(n) and 6(p), we stated:

". . . [T]he Supreme Court has authorized district courts to dismiss appeals if the record on appeal has not been filed with the Supreme Court only by (1) stipulation of the parties, (2) a voluntary notice of dismissal filed by the appellant, or (3) *a finding by the trial judge that the appeal has been abandoned. . . .*" (Emphasis added.) (p. 193.)

Here, the trial court sustained the state's motion to dismiss the appeal on August 30 based upon the affidavit of Wayne D. Woolverton, Deputy Secretary of Records, Kansas Department of Corrections. The affidavit stated the petitioner had escaped from the custody of the Kansas State Industrial Reformatory in Hutchinson, Kansas, on August 14, 1974, and was a fugitive from justice. Moreover, the record on appeal indicates the petitioner's attorney was served with copies of the motion ten days before the hearing but made no attempt to assure the petitioner's appearance at any time. The petitioner voluntarily remained at large until he was recaptured. Under these circumstances the trial court properly inferred the petitioner had abandoned his appeal.

The petitioner further contends the trial court's dismissal of his direct appeal was an exceptional circumstance excusing his failure to perfect a direct appeal under Supreme Court Rule No. 121(*c*)(3), 214 Kan. xxxix (now Rule No. 183[*c*][3], 220 Kan. lxx.)

Exceptional circumstances which justify entertaining a second or successive motion include those unusual events or intervening changes in the law which prevent the movant from being aware and raising all of his alleged errors in the first post-conviction proceeding. To entertain a second or successive motion the errors must affect constitutional rights and be such that the ends of justice can only be served by reaching the merits of the subsequent application. (See *Dunlap v. State,* 221 Kan. 268, 270, 559 P.2d 788 [1977].)

The trial court's dismissal of an appeal taken by a defendant in a criminal action who intentionally *abandons* appellate review of his constitutional claim is not an exceptional circumstance excusing a direct appeal. In his motion for reinstatement, which was denied by our court in *State v. Weser,* 48,639, the petitioner recognized this fact. He stated:

"1. If the Court rules that he [Weser] does not have the right to have his appeal reinstated then it would appear that the ruling by Judge Raum regarding failure to show exceptional circumstances would be upheld by the Kansas Supreme Court following an appeal of that ruling in the 1507 proceeding. . . ."

Thus, under the facts and circumstances appearing in this record the trial court properly dismissed the petitioner's direct appeal on August 30, 1974, and his 60-1507 motion on November 15, 1976.

The judgment of the lower court is affirmed.

HOLMES, J., not participating.