540

## ORDER

## In re Tana

*Ellen M. Burgraff, Public Defender*, for juvenile.

SHUGHART, *P.J.*, November 29, 1979— Subsequent to a final adjudication of "delinquency" by this court on October 11, 1979, Tana has filed an appeal with the Superior Court of Pennsylvania asserting that the effect of the adjudication was to place her in "double jeopardy" in contravention of her Federal constitutional rights. This opinion is prepared pursuant to the requirements of Pa.R.A.P. 1925(a).

Tana has had a history of personal difficulties dating from early 1978. On May 25 of that year, petition 79 of 1978 was filed by the Carlisle Police Department charging Tana with simple assault as the result of an incident on March 16, 1978 involving a classmate at school. Tana was 14 years old at the time.

On April 19, 1978 Tana was found by the Carlisle police to be riding in a stolen automobile with several of her friends from school. On May 26, 1978 petition 79-A of 1978 was filed charging Tana with "Theft of an Automobile" as a result of this incident.

Petition 79-B of 1978 was filed on May 26, 1978 by the Carlisle police alleging another incident of auto theft which occurred on May 25, 1978. These three petitions were consolidated and set down for hearing on the merits on June 5, 1978. Tana appeared at this hearing along with her parents and court-appointed counsel. The averments of the three petitions were admitted by Tana, and independent evidence was also brought forth establishing the facts averred.

The facts adduced at hearing were sufficient to warrant an adjudication that Tana was a "delinquent child" as defined by section 6302 of the Juvenile Act, 42 Pa.C.S.A. §6302. However, because Tana indicated a willingness to cooperate in solving her problems, the court continued the proceedings with the consent of all parties and deferred final adjudication and disposition until it could be determined whether Tana would be responsive to counseling and other rehabilitative measures. The considerations involved were set forth in an order dated June 5, 1978.

Tana had some difficulties in fulfilling her obligations under the rehabilitation program designed by the court, and on November 30, 1978 the prior order was modified but the proceedings were again continued with the consent of all parties, and final adjudication and disposition were again deferred.

On January 18, 1979 the Carlisle Police Department filed petition 79-D alleging that Tana had violated section 3925 of the Crimes Code, 18 Pa.C.S.A. §3925, relating to receipt of stolen property. This petition was heard on January 25, 1979. Tana was accompanied by her parents and represented by a public defender. Again, Tana admitted the allegations of the petition and independent evidence was brought forth to support the admissions. Solely on the basis of petition 79-D, Tana was found by this court to be a dependent child as defined by section 6302 of the Juvenile Act. The court again continued and deferred final adjudication and disposition of the original three petitions, with the consent of all parties.

In September of 1979 it became readily apparent that Tana was unable to comply with the conditions imposed by the court pending final adjudication of

petitions 79, 79-A, and 79-B. Her probation officer filed petition 79-E on September 12, 1979, alleging that Tana was habitually truant. A hearing of the merits of this petition was scheduled for September 13, 1979, but Tana failed to appear.

On September 25, 1979 petition 79-F was filed alleging that Tana was truant, had run away from home, and had failed to appear at a hearing. Another hearing was scheduled for October 2, 1979, at which time Tana appeared, accompanied by her parents and represented by the public defender's office. Tana admitted the allegations of Petitions 79-E and 79-F.

Because the court's rehabilitative program had not been effective, it was necessary for the court to enter a final adjudication on Petitions 79, 79-A and 79-B. The evidence was sufficient, beyond reasonable doubt, to support a finding of delinquency on any one of the petitions. Therefore, on October 2, 1979 the court adjudged Tana to be a delinquent child as defined by section 6302 of the Juvenile Act and committed her to the custody of her parents, subject to several restrictions including mandatory school attendance.

On October 11, 1979 the probation officer filed petition 79-G with this court alleging that Tana had been truant from school on October 9 and 10, 1979 in violation of the terms of the order of October 2, 1979. A hearing on the merits of this petition was held on October 11, 1979, at which Tana was present, accompanied by her parents and represented by an attorney from the public defender's office. She admitted the truth of the allegations of the petition. Because of Tana's continuous intransigence, she was committed to the Lourdesmont School for treatment.

On October 12, 1979 Tana absconded from Lourdesmont without permission and remains at large as of the writing of this opinion.* This action has resulted in the filing of Petition 79-H by the Juvenile Probation Office. This petition alleges that Tana "did remove herself from the lawful custody of Lourdesmont School on October 12, 1979, between 5:00 and 5:30 p.m. without permission or authority to do so." On November 8, 1979 the Sheriff of Cumberland County was authorized to take Tana into custody.

On November 5, 1979, *after Tana had removed herself from the Lourdesmont School,* the public defender filed an appeal on the grounds of "double jeopardy." Tana has waived any right to appeal from the October 2, 1979 order by running away from the place of commitment. In Com. v. Albert, 260 Pa. Superior Ct. 20, 393 A. 2d 991, 992 (1978), the court said, "A defendant who is convicted at trial and absconds from justice may not, as a fugitive, pursue his appeal [right]." While this case involved an adult offender, the reasoning of the court in Albert and the cases cited therein makes the decision clearly applicable to a juvenile. Even if the juvenile later voluntarily surrenders to the court, her right to appeal will not be restored. See Com. v. Boyd, 244 Pa. Superior Ct. 98, 366 A. 2d 934 (1976). Nonetheless, we shall discuss the double jeopardy question.

The U.S. Supreme Court has recognized that juvenile proceedings are subject to the Federal constitutional prohibition of double jeopardy: Breed v. Jones, 421 U.S. 519 (1975). While this and other decisions have involved people who were adjudi-

---

*We take judicial notice of these facts because of their fundamental importance in considering the current matter.

cated to be delinquents as minors and then later convicted in criminal proceedings as adults for the same offense, we readily concede that the same considerations prohibit subjecting a minor to multiple independent juvenile proceedings arising from the same offense. But this in no way prohibits the court from maintaining continuing jurisdiction over a minor by placing that minor under the supervision of a probation officer while deferring final adjudication in a juvenile proceeding. Such action is clearly proper under both 42 Pa.C.S.A. §6340(a) (consent decrees) and 6341(e) (continuances).

The appeal of November 5, 1979 alleges that Tana was adjudged a dependent child on the basis of petitions 79, 79-A, 79-B, and 79-D. The appeal further alleges that the court again used the offenses specified in petitions 79, 79-A and 79-B as support for a subsequent finding of delinquency. The record does not support these allegations. The finding of dependency was based solely on the allegations of petition 79-D, independent of the allegations of any other petition. The adjudication of delinquency was based solely upon the allegations of petitions 79, 79-A, and 79-B and Tana's subsequent inability to live up to the conditions of her probation, independent of the allegations of petition 79-D.

This court hesitated to make an adjudication of delinquency in this case, because it was felt that Tana might best be helped by less drastic measures. Unfortunately, Tana and her family failed to respond and the final adjudication of delinquency became necessary. Nonetheless, the court is convinced that it followed the wisest course available in retaining jurisdiction over Tana in an effort to help her resolve her problems. Only by continuing to provide close personal supervision of juvenile

offenders and attempting to tailor treatment programs to their individual needs can the court fulfill its legal and moral obligations to provide guidance and rehabilitation to those of our children who so desperately need them. The more drastic measures should be and were here employed only after the juvenile failed for 18 months to respond to measures which permitted her to remain in her own home.

In summary the juvenile's escape status deprives her of a right to appeal, but even if it did not, the appeal must fail because it is without merit.