(675 P.2d 942)
No. 55,749

STATE OF KANSAS, *Appellee*, v. RICKY SCOTT, *Appellant*.

Opinion filed February 9, 1984.

Steven C. Sherwood, of Wichita, for the appellant.

*Kimberly Gee Vines,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

FOTH, C.J.: Defendant Ricky Scott was tried for burglary and felony theft before a Sedgwick County jury in January, 1983. Defendant, who was free on bond, appeared at the first day of trial but failed to appear on the second day. The trial court found that defendant's failure to appear was voluntary and was done solely "to frustrate the administration of justice." The trial proceeded in defendant's absence, with the jury returning a verdict of guilty on both counts. On the third day of trial, after the case had gone to the jury, defendant made a long-distance telephone call to his counsel. He has not been heard from since. Later, after overruling defendant's post-trial motions the trial court proceeded to impose sentence, still in the absence of the defendant.

After sentencing the trial court appointed defendant's trial counsel to protect defendant's appellate rights and counsel duly perfected this appeal. Trial errors raised relate to the sufficiency of the evidence and the instructions. In addition, objection is made to the sentencing of defendant *in absentia* in alleged violation of K.S.A. 22-3405(1) and the Supreme Court's holding in *State v. Fennell,* 218 Kan. 170, 542 P.2d 686 (1975).

The State, while conceding error in the sentencing *in absentia,* argues that this appeal should be dismissed because the defendant has chosen to become a fugitive from justice. In *City of Holton v. Mannix,* 6 Kan. App. 105, 106, 49 Pac. 679 (1897), the court stated that it was clearly within the court's discretion to dismiss a criminal appeal where the appellant has left the jurisdiction and cannot be made to respond to such judgment as might be rendered. Such a dismissal was considered mandatory

in *State v. Scott,* 70 Kan. 692, Syl., 79 Pac. 126 (1905), which held, "If, after an appeal to this court, a defendant convicted of felony becomes a fugitive from justice, the appeal will be dismissed." In *Weser v. State,* 224 Kan. 272, 579 P.2d 1214 (1978), the court upheld the dismissal by a trial court of an escapee's appeal. The theory was that, by escaping from custody, the fugitive had abandoned his appeal, which was a ground for trial court dismissal under rules then in effect.

Tentative or conditional dismissals have been ordered by the United States Tenth Circuit Court of Appeals when faced with fugitive defendants. The rationale is explained in *United States v. O'Neal,* 453 F.2d 344, 345 (10th Cir. 1972):

"We realize that this is an appeal of right in a criminal case and that its dismissal is a serious matter. Nevertheless from all appearances before us, appellant has absconded and defies the authority of the courts. In such circumstances we feel he is in no position to insist upon the hearing and determination of the merits of his appeal."

The court relied upon these statements from *Molinaro v. New Jersey,* 396 U.S. 365, 366, 24 L.Ed.2d 586, 90 S.Ct. 498 (1970):

"No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitled the defendant to call upon the resources of the Court for determination of his claims."

In *United States v. Swigart,* 490 F.2d 914 (10th Cir. 1973), the Tenth Circuit again held that a court could refuse to hear an appeal of a fugitive. As in *O'Neal,* the fugitive was given 30 days in which to surrender or the tentative dismissal would become final.

A similar order is appropriate in this case. As matters now stand any disposition we might make of this case on the merits would be meaningless. A convicted defendant who is a fugitive from justice is not entitled to ask an appellate court to correct alleged trial errors and is deemed to have waived the right to appeal.

The appeal is dismissed on condition that, if defendant returns to custody and that fact is appropriately reflected in the records

of this court within thirty days of the date of this opinion, the court will proceed to determine the merits.[1]