## Commonwealth v. Mitchell

*Christopher J. Serpico, assistant district attorney,* for the commonwealth.
*John J. Kerrigan, Jr.,* for defendant.

BECKERT, *P.J.,* March 24, 1987—Michael Mitchell was convicted after a jury trial of the major offense of third degree murder. A request was made by his counsel, John J. Kerrigan Jr., to allow Mitchell to remain free on bail pending the transcription of the trial record and argument before this court on his outstanding motions for a new trial and in arrest of judgment. This request was honored and in due course the record was transcribed, argument on the motions was held, and ultimately an opinion was filed denying the motions and directing that Mitchell appear before this court for the imposition of sentence.

On the original sentencing date, a severe snow storm occurred and while the undersigned, the district attorney and defense counsel appeared, defendant did not. Due to the adverse weather conditions, though requested by the commonwealth, the bail was not forfeited at that time but a new date was thereafter set for sentencing. Mitchell did not

then appear, and ultimately on February 6, 1987 the bail was declared forfeited. A record was made thereof as directed by Pa.R.Crim.P 4016(1)(a). No reason was given to the court by counsel as to why Mitchell failed to appear for sentencing and the *only* argument advanced by counsel against a total forfeiture was that his attorney, John J. Kerrigan Jr., had an interest in a portion of the cash posted, that is in the 10 percent of the United States currency deposited with the clerk of court, specifically the $40,000 in cash. It was counsel's position that his fee arrangement was that he was to receive $20,000 from the above $40,000 amount, as evidenced by an assignment of that amount to him. Counsel contended that the forfeiture should only be for the remaining balance. This argument was not accepted by the undersigned and the entire amount was declared forfeited.

Thereafter Mitchell's counsel filed exceptions to the order forfeiting bail. We have doubt as to the propriety of such exceptions but nevertheless the same were dismissed by our order of February 25, 1987. On March 6, 1987 an appeal was taken from the above actions to the Pennsylvania Superior Court.

This appeal raises a number of unique and worrisome questions. The first has to do with the right to take the appeal. Mitchell is a fugitive in that he failed to appear before this court for the imposition of sentence. A defendant who runs away after having been convicted of a charge waives his right of judicial review on pending post-trial motions. *Commonwealth v. Boyd,* 244 Pa. Super. 98, 366 A.3d 934 (1976). Certainly, if judicial review is waived as to pending post-trial motion it would appear logical that it would be waived and a fugitive would have no

standing for his order of bail forfeiture to be the subject of judicial review.

We will place the second question under the general label of "conflict of interest" which exists by virture of counsel taking the present appeal. Is the appeal predicted upon counsel's desire to protect the interest of his client, who in fact was not the individual who posted the $40,000, or is the appeal motivated for the purpose of preserving a fund from which counsel may extract his fee for past services rendered? Without fear of contradiction it is obviously the latter interest which spawned this appeal and as counsel was not a party to the forfeiture proceeding, in addition to having this "conflict of interest," we find he has no standing to use the instrument of appeal as a ploy to create a fund for his benefit.

There also exists the ethical problem of counsel taking an assignment of a portion of money posted as bail as his ultimate fee in a criminal case. Historically we know that counsel cannot post bail for his client in a criminal case and therefore it would logically follow that he should not be permitted to assert the position that the "unassigned" portion of the currency posted should only be the amount subject to the forfeiture. To permit such would in effect be sanctioning the posting of a portion of the bail by trial counsel.

Finally, we cannot conceive of any reason why Pa.R.Crim.P. 4016(c) should come into play. That rule allows the court to set aside a forfeiture if it appears that justice does not require enforcement of the forfeiture. There has been nothing presented to this court which would warrant our taking such action.

For the above reasons, we ask that the appeal be dismissed forthwith.