(171 P.3d 654)
No. 95,908

STATE OF KANSAS, *Appellee*, v. STEVEN L. RAIBURN, *Appellant*.

Opinion filed November 30, 2007.

*Randall L. Hodgkinson,* of Kansas Appellate Defender Office, for appellant.

*Marla Foster Ware,* county attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before HILL, P.J., GREEN and MARQUARDT, JJ.

HILL, J.: Steven L. Raiburn appeals his conviction for possession of marijuana. Because Raiburn is a fugitive from justice, we dismiss his appeal.

Raiburn was found guilty of possession of marijuana in July 2005. The court imposed a suspended 20-month prison sentence and placed Raiburn on probation with community corrections for up to 18 months. On August 10, 2005, Raiburn's defense counsel filed a notice of appeal.

On September 15, 2005, a community corrections intensive supervision officer asked the court to revoke Raiburn's probation. The probation violation report claims Raiburn failed to report as required by his probation restrictions. August 1, 2005, was the last time Raiburn spoke with anyone at community corrections. The district court issued a warrant for Raiburn's arrest. According to the State, the warrant has not been executed and Raiburn's whereabouts are unknown. Appellant's counsel offered no information about where Raiburn can be found.

We base our dismissal on the "fugitive disentitlement doctrine" found in *Molinaro v. New Jersey,* 396 U.S. 365, 24 L. Ed. 2d 586,

90 S. Ct. 498 (1970), where the United States Supreme Court dismissed Molinaro's appeal after discovering he had become a fugitive from justice while his appeal was pending. The *Molinaro* Court stated: "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction." 396 U.S. at 366. A comprehensive listing of federal circuits that follow this doctrine is found in Annot., *Application of Fugitive Disentitlement Doctrine in Federal Criminal Cases*, 179 A.L.R. Fed. 291.

This doctrine has already been applied in Kansas in *State v. Scott*, 9 Kan. App. 2d 322, 675 P.2d 942 (1984). The *Scott* court stated: "A convicted defendant who is a fugitive from justice is not entitled to ask an appellate court to correct alleged trial errors and is deemed to have waived the right to appeal." 9 Kan. App. 2d at 323.

In this appeal, Raiburn's appellate counsel argues that despite what *Scott* and *Molinaro* say, the only authorization for this court to dismiss an appeal on its own initiative comes from Supreme Court Rule 5.05 (2006 Kan. Ct. R. Annot. 34). The rule states that "the appellate court may dismiss an appeal on account of a substantial failure to comply with the rules of the court, or *for any other reason which by law requires dismissal.*" (Emphasis added.) Supreme Court Rule 5.05 (2006 Kan. Ct. R. Annot. 34.) Appellate counsel reads Rule 5.05 to allow an appellate court to dismiss an appeal *only* as allowed by a statute or if the appellant is not complying with the Supreme Court Rules. Counsel argues this court has no authority to dismiss Raiburn's appeal because Kansas has no statute that specifically addresses this issue, and Raiburn, through the work of his appellate counsel, is in full compliance with the Supreme Court Rules. (He ignores that Raiburn has failed to report for 2 years, has not complied with the rules of his probation, and is a fugitive from justice.)

This argument ignores that "[i]t has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239, 122

L. Ed. 2d 581, 113 S. Ct. 1199 (1993). This disentitlement rule has been applied in several Kansas cases. See *Weser v. State*, 224 Kan. 272, 579 P.2d 1214 (1978); *State v. Scott*, 70 Kan. 692, 79 Pac. 126 (1905); *Scott*, 9 Kan. App. 2d 322; *City of Holton v. Mannix*, 6 Kan. App. 105, 49 Pac. 679 (1897).

Appellate counsel's argument is too limiting. Kansas appellate courts routinely decline to address issues raised on appeal for reasons not based on a specific statute or a Rule of the Supreme Court. For example, in *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, Syl. ¶ 1, 912 P.2d 716 (1996), the Supreme Court wrote:

"The general rule is that an appellate court does not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."

See also *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003), that held "an issue not presented to the lower court will not be considered on appeal."

An appellate court must have discretion to control its docket and allot time and attention to those who raise judicable issues. Also, an appellate court has the discretion to refrain from addressing issues brought by appellants who, because of their fugitive status, will not be affected by any judgment the court may issue. See *Eisler v. United States*, 338 U.S. 189, 190, 93 L. Ed. 1897, 69 S. Ct. 1453 (1949); *Bonahan v. Nebraska*, 125 U.S. 692, 692, 31 L. Ed. 854, 8 S. Ct. 1390 (1887); *Smith v. United States*, 94 U.S. 97, 4 Otto 97, 24 L. Ed. 32 (1876).

It is obvious in this case that even if we would grant relief to Raiburn assuming there is some basis to remand the matter for a new trial, his absence would prevent that new trial from occurring. A criminal case pending for many more years in district court because the defendant has absconded is no example of judicial economy.

Appeal dismissed.