432 F.2d 77
 Zels B. JOHNSON, Plaintiff-Appellant,
v.
Melvin LAIRD, Secretary of Defense, Lt. General Stanley Resor, Commander, Department of the Army, Headquarters 6th U. S. Army Presidio, San Francisco, California 94129, and Lt. Col. George Abe, Headquarters 3rd Bn., 161st Infantry, Pier 91, Seattle, Washington, Defendants-Appellees.
 No. 25383.
 United States Court of Appeals, Ninth Circuit.
 September 29, 1970.
 
 Robert C. Mussehl (argued), Lind, Thom, Mussehl & Navoni, Seattle, Wash., for plaintiff-appellant.
 Charles Murphy, (argued), and Charles A. Schaaf (argued), Asst. Attys. Gen., Slade Gorton, Atty. Gen., Olympia, Wash., Stan Pitkin, U. S. Atty., J. Byron Holcomb, Asst. U. S. Atty., Seattle, Wash., for defendants-appellees.
 Before HAMLEY and WRIGHT, Circuit Judges, and GOODWIN,* District Judge.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Petitioner-appellant Johnson instituted this habeas corpus proceeding in the district court seeking release from the Army as a conscientious objector. The district court dismissed appellant's complaint on the ground that he had failed to exhaust his administrative remedies prior to seeking judicial review.
 
 
 2
 At the oral hearing of this appeal we were informed that the appellant is absent without leave, is presently being sought by the military authorities as a deserter and, when last heard from, was out of the country. For these reasons, we do not reach the merits of appellant's claim but rather rule that this appeal will be dismissed unless appellant voluntarily surrenders himself to the military authorities at Fort Lewis, Washington, within 30 days.
 
 
 3
 Because of our tentative disposition of this appeal, a detailed recitation of the factual background is unnecessary. Briefly stated, it suffices to say that appellant was a member of the Washington National Guard who was ordered to report for active duty because of his failure to attend a number of unit meetings.
 
 
 4
 Prior to the date he was actually ordered to report, he filed this action in the district court, alleging that he had requested discharge as a conscientious objector and that the National Guard had refused to process his application. The district court dismissed the complaint and appellant was thereafter apprehended by military authorities as absent without leave since he had never reported for active duty as ordered.
 
 
 5
 Some time in June, 1970, while this appeal was pending, appellant voluntarily absented himself from the military and is still at large. When last heard from, he was out of the country, in Vancouver, British Columbia.
 
 
 6
 The government has now moved to dismiss this appeal. The motion was filed at oral hearing and counsel for appellant has since responded. For the reasons set forth herein, we conditionally grant the government's motion.
 
 
 7
 At the outset, we feel compelled to express our strong displeasure with appellant's attempts at "self-help" by voluntarily absenting himself from the military and from the country. By his actions, he is telling this court that he will submit to its decree only if it is to his liking.
 
 
 8
 We do not believe that any court is compelled to adjudicate the rights of a litigant on his own terms. We note the increasing frequency with which members and potential members of the military service are leaving the country rather than pursuing their grievances in the courts.
 
 
 9
 The appellant has voluntarily absented himself from the custody of appellees and departed the country. We do not believe that this court is required[1] to rule on the merits of his appeal so long as he remains absent.
 
 
 10
 Our basic difficulty here is that we do not see how our decision could be carried out should we proceed to rule on the merits. We agree with Mr. Justice Frankfurter who said that a court "can entertain a case and decide it only if there is a litigant before it against whom the Court may enforce its decision."[2]
 
 
 11
 If we should rule in appellant's favor, he would probably return to the country since he would then be free of the military authorities. If, however, we decide against him, we have no indication that he would surrender himself to the military authorities. It was said in Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876):
 
 
 12
 "It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we render." Id.
 
 
 13
 We recognize the difference between appeals to this court and discretionary writs of certiorari. We do not believe, however, that the Supreme Court's decision in Smith, supra, was based solely on the discretionary nature of writs of certiorari. Rather, we feel that the decision in Smith rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who indicates that he will comply with that court's decree only if it is favorable.
 
 
 14
 Rather than dismiss the appeal outright, we believe the better practice[3] is to give appellant an opportunity to have his appeal decided on the merits under terms prescribed not by him but rather by this court.[4] Having already heard full argument on the merits, we shall rule on the merits if appellant will surrender himself to the custody of the military authorities at Fort Lewis, Washington, within 30 days of the filing of this opinion. If he fails to surrender to the military within this time period, his appeal will stand dismissed pursuant to the government's motion.
 
 
 15
 So ordered.
 
 
 
 Notes:
 
 
 *
 Hon. Alfred T. Goodwin, United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 Our decision is not based solely on technical grounds of custody for the purposes of habeas corpus or on the related ground of mootnessCompare Ragsdale v. Cameron, 117 U.S.App.D.C. 278, 329 F.2d 233 (1963) with Cameron v. Mullen, 128 U.S. App.D.C. 235, 387 F.2d 193, 196 n. 4 (1967).
 
 
 [2]
 Eisler v. United States, 338 U.S. 189, 192, 69 S.Ct. 1453, 93 L.Ed. 1897 (Frankfurter, J., dissenting), dismissed as moot 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949)
 
 
 [3]
 See, e. g., United States v. Press, 401 F. 2d 449 (3d Cir. 1968); United States v. Dawson, 350 F.2d 396 (6th Cir. 1965); Stern v. United States, 249 F.2d 720 (2d Cir. 1957).
 
 
 [4]
 "It is much more becoming to its dignity that the court should prescribe the conditions upon which an escaped convict should be permitted to appear and prosecute his writ, than that the latter should dictate the terms upon which he will consent to surrender himself to its custody." Allen v. Georgia, 166 U.S. 138, 141, 17 S.Ct. 525, 526, 41 L.Ed. 949 (1897)