**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Allen SWIGART, Defendant-Appellant.**

**No. 73–1228.**

United States Court of Appeals, Tenth Circuit.

November, 1973, Term.

Dec. 26, 1973.

---

John E. Stumbo, Topeka, Kan., for defendant-appellant.

E. Edward Johnson, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., and Adrian M. Farver, Asst. U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, HILL, Circuit Judge, and O'CONNOR, District Judge.*

HILL, Circuit Judge.

Appellant was charged in an indictment and convicted by a jury of failing to perform the duty required of him under the Military Service Act of 1967, that is, failure to comply with an order of his local draft board in violation of 50 U.S.C. Appendix § 462(a). He was sentenced to three years' imprisonment; but by the court's order, the execution of the sentence was stayed ten days. During this stay appellant absconded the jurisdiction and apparently fled to Canada. Subsequently appellant's bond was forfeited, and a bench warrant was issued for his arrest. This warrant is now outstanding.

Appellant's counsel timely filed a motion for new trial, and after hearing oral arguments the motion was denied. Appellant thereafter properly filed his notice of appeal. The government promptly filed with the district court its motion to dismiss the appeal on the grounds that appellant had failed to abide by the lawful order of that court. The government's motion to dismiss was denied.

In determining whether this appeal should be dismissed, we note that an appeal from a judgment of a federal district court is a matter of right. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). This right, however, is not without exception. Starting as far back as 1876, the Supreme Court determined that when a convicted party sues out of writ of error, it is within the court's discretion to refuse to hear the case unless the convicted party is where he can be made to respond to any judgment the court renders. The reasoning behind this is that if the case were affirmed, appellant probably would not appear to submit to his sentence. If it is reversed, he will probably appear only if it is in his interest. Hence the court is reluctant to decide what may prove to be a moot case. Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876). Bonahan v. Nebraska, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887); *see also* Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed. 2d 586 (1970). Although there is a difference between discretionary writs of certiorari and appeals to this court, we believe any court has the inherent discretion to refuse to hear the claim of a litigant who is willing to comply with that court's decree only if it is favorable. Johnson v. Laird, 432 F.2d 77 (9th Cir. 1970).

We therefore tentatively dismiss the appeal. Should appellant surrender himself to the custody of the United States Marshal for the District of Kansas within thirty days of the filing of this opinion, we shall reinstate his appeal; if after the allotted time appellant has not surrendered under the terms we have prescribed, the tentative dismissal will be changed to a final dismissal. Schneider v. Laird, 453 F.2d 345 (10th Cir. 1972); United States v. Tremont, 438 F.2d 1202 (1st Cir. 1971); *see also* United States v. Press, 401 F.2d 499 (3d Cir. 1968); United States v. Dawson, 350 F.2d 396 (6th Cir. 1965).

---

* Of the District of Kansas, sitting by designation.