389 A.2d 633

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Michael H. BORDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

126

Henry S. Perkin, Assistant Public Defender, Allentown, for appellant.

Wardell F. Steigerwalt, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The facts of this case are as follows. Appellant, Michael Borden, was convicted on September 19, 1975 of robbery, theft and assault. Prior to trial, appellant was free on $5,000 bail but after the jury returned with its verdict, bail was increased by the court to $10,000. Since the verdict did not come in until after 4:00 P.M. on a Friday, the lower court allowed appellant until Monday, September 22, 1975 at 4:00 P.M. to file the additional bail. Appellant did not file the additional bail nor did he appear in court. The trial court immediately issued a bench warrant for his arrest. In the meantime appellant's counsel, nonetheless, made motions for a new trial and in arrest of judgment whereupon the district attorney moved to dismiss appellant's motions principally because appellant was a "fugitive from justice." Trial

court was persuaded by the Commonwealth's argument and dismissed appellant's motions. Appellant has since returned to the court's jurisdiction[1] and now petitions this court, asking for leave to refile post-verdict motions *nunc pro tunc.* We agree with the argument advanced by appellant and grant permission to so proceed.

Our decision is based upon the Supreme Court's holding in *Commonwealth v. Galloway,* 460 Pa. 309, 333 A.2d 741 (1975).[2] In that case, the court said in part:

> "The rationale behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court, and hence, might not be responsive to the judgment of the court. See *Smith v. United States,* 94 U.S. 97, 24 L.Ed. 32 (1876); *Ruetz v. Lash,* 500 F.2d 1225 (7th Cir. 1974); *United States v. Swigart,* 490 F.2d 914 (10th Cir. 1973); *Johnson v. Laird,* 432 F.2d 77 (9th Cir. 1970). . . .
>
> "(Since appellant) is no longer a fugitive from justice and is now subject to the jurisdiction of this Court, he will be responsive to any judgment this Court renders. Therefore, this Court has no basis upon which to grant a motion to dismiss the appeal at this juncture. Hence, the Commonwealth's motion to dismiss the appeal will be denied." 460 Pa. at 311–312, 333 A.2d at 743.

We conclude that it would not be an injudicious exercise of our discretion to permit appellant to refile post-verdict motions *nunc pro tunc.*

Accordingly, appellant is hereby granted leave to file post-verdict motions *nunc pro tunc.*

1. From the briefs filed and the record, it is not clear whether appellant was apprehended by authorities or returned of his own volition.

2. See also *Commonwealth v. Tomlinson,* 467 Pa. 22, 354 A.2d 254 (1976); *Commonwealth v. Barron,* 237 Pa.Super. 369, 352 A.2d 84 (1975).

128

JACOBS, President Judge, and VAN der VOORT, J., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.