393 A.2d 991
**COMMONWEALTH of Pennsylvania**
v.
**James ALBERT, a/k/a James Holland, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.
Decided Nov. 1, 1978.

Paulette J. Balogh and Lester G. Nauhaus, Assistant Public Defenders, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellant was convicted in a jury trial of robbery, theft of movable property, and recklessly endangering another person. He urges upon us several grounds for reversal, but we

do not reach those issues. Because appellant escaped from justice while this appeal was pending, and to this day remains a fugitive from justice,[1] we quash the appeal.

A defendant who is convicted at trial and absconds from justice may not, as a fugitive, pursue his appeal rights. *Commonwealth v. Tomlinson*, 467 Pa. 22, 354 A.2d 254 (1976). The trial court must dismiss any post-verdict motions filed on behalf of a fugitive, and in its discretion may refuse to grant leave to re-file the motions, even upon the return of the defendant to the control of the Commonwealth. *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976). When the trial court dismisses post-verdict motions on the grounds of fugitivity, and that dismissal is appealed to us, we may, in our discretion, grant leave to re-file *nunc pro tunc* if at the time we enter our order the defendant has returned. *Commonwealth v. Borden*, 256 Pa.Super. 125, 389 A.2d 633 (1978). If a defendant becomes a fugitive after appellate jurisdiction has already attached, we may decide the merits of his appeal if he returns prior to the time of this Court's disposition, *Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975), but if the appellant remains a fugitive at the time of our decision, then we must quash his appeal. *Commonwealth v. Barron*, 237 Pa.Super. 369, 352 A.2d 84 (1975).

The Notice of Appeal in this case was filed January 20, 1977. Appellant became a fugitive from justice on August 6, 1977, by escaping from the Allegheny County jail. Because he remains a fugitive from justice, this Court must quash his appeal.

Appeal quashed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

1. Counsel of record have filed a stipulation setting forth the facts of appellant's current fugitivity status.