432 A.2d 1083

**COMMONWEALTH of Pennsylvania**

v.

**Robin HARRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1981.

Filed July 24, 1981.

F. Emmet Ciccone, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

POPOVICH, Judge:

The lower court sitting without a jury found appellant guilty of theft by receiving stolen property;[1] post verdict motions were denied and appellant was sentenced to six to twenty-three months imprisonment. In this direct appeal, appellant's only claim is that there was insufficient evidence to support his conviction. For the reasons set forth below, we affirm the lower court's judgment of sentence.

■ Before responding to appellant's sufficiency claim, this Court needs to address an issue which arose *after* the appeal was filed. To-wit, while the case was pending, the District Attorney of Philadelphia County advised this Court that appellant had become a fugitive and requested that the

1. 18 Pa.C.S.A. § 3925 (1973).

appeal be dismissed pursuant to Pa.R.A.P. 1972(6).[2] Prior to ruling on the Motion to Quash, the District Attorney informed this Court that appellant had been apprehended in Bucks County and was in custody; nonetheless, the District Attorney still maintained that appellant's appeal be quashed on the grounds that his right of appellate review was forfeited when he became a fugitive. We do not agree.

In *Commonwealth v. Borden*, 256 Pa.Super. 125, 389 A.2d 633 (1978), this Court was confronted with a situation similar to the instant one. There, the appellant was free on bail both prior to and during trial, but after a verdict of guilty was rendered to various criminal offenses the bail was increased. However, since the verdict was not returned until late on a Friday, the lower court allowed appellant until the following Monday to secure the added bail. When the appellant failed to file the additional bail and did not appear in court, the trial judge issued a bench warrant for his arrest.

Notwithstanding this turn of events, appellant's counsel still filed post-trial motions. The lower court dismissed the averments, without ruling on their merits, on the basis that appellant was a "fugitive from justice." Thereafter, appellant returned to the court's jurisdiction[3] and petitioned this Court for leave to refile post-verdict motions *nunc pro tunc*. The *Borden* Court, in granting the petition, stated:

" 'The rationale behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself

---

**2.** Pa. R.A.P. 1972 provides in relevant part:
"Subject to Rule 123 (application for relief), any party may move:
* * * * * *
(6) To continue generally or to quash because the appellant is a fugitive.
* * * * * *
The court may grant or refuse the motion, in whole or in part...."

**3.** It could not be determined from the record whether Borden surrendered to the police or was apprehended.

beyond the jurisdiction and control of the court, and hence, might not be responsive to the judgment of the court. See *Smith v. United States*, 94 U.S. [4 OTTO] 97, 24 L.Ed. 32 (1876); *Ruetz v. Lash*, 500 F.2d 1225 (7th Cir. 1974); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973); *Johnson v. Laird*, 432 F.2d 77 (9th Cir. 1970)...

*(Since appellant) is no longer a fugitive from justice and is now subject to the jurisdiction of this Court, he will be responsive to any judgment this Court renders. Therefore, this Court has no basis upon which to grant a motion to dismiss the appeal at this juncture. Hence, the Commonwealth's motion to dismiss the appeal will be denied.'* [*Commonwealth v. Galloway*,] 460 Pa. [309] at 311–312, 333 A.2d [741] at 743 [(1975)].

We conclude that it would not be an injudicious exercise of our discretion to permit appellant to refile post-verdict motions *nunc pro tunc.*" (Emphasis added) *Id.*, 256 Pa.Super. at 127, 389 A.2d at 634.

We find the preceding rationale apposite to the case at bar. That is, Harrison, albeit an escapee at one time, is *now* amenable to the Court's jurisdiction—if such were not the case the course of action would be clear. *See, e. g., Commonwealth v. Tomlinson*, 467 Pa. 22, 354 A.2d 254 (1976) (appeal dismissed sua sponte where appellant, subsequent to filing and submission of briefs on appeal, became and remained a fugitive); *In re Dixon*, 282 Pa.Super. 189, 422 A.2d 892 (1980) (HESTER, J.) (appeal dismissed when court learned from the district attorney's office that appellant was a fugitive); *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978) (same); *Commonwealth v. Barron*, 237 Pa. Super. 369, 352 A.2d 84 (1975) (same); *but see Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976).

Thus, inasmuch as appellant is presently incarcerated in the Commonwealth, "he will be responsive to any judgment this Court renders. Therefore, this Court has no basis upon which to grant a motion to dismiss the appeal at this juncture." *Commonwealth v. Galloway, supra*, 460 Pa. at

312, 333 A.2d at 743. Consequently, the Commonwealth's motion to quash appellant's appeal is denied.[4]

We now turn our attention to appellant's sufficiency of evidence argument. In evaluating the merits of such claim, we must accept as true all of the Commonwealth's evidence and all reasonable inferences flowing therefrom, upon which, if believed, the fact-finder could have based his verdict. The test then becomes whether such evidence, viewed in the light most favorable to the verdict winner, is sufficient as a matter of law to prove guilt beyond a reasonable doubt. *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Price*, 278 Pa.Super. 255, 420 A.2d 527 (1980); *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978).

The court below found the following facts: Mr. Charles Gorgol returned to his home at approximately 7:00 a. m. on June 16, 1977 to find his premises burglarized. The lights were on in the dining room and his wife's handbag was open and her wallet, which contained $65.00, was missing. The screen door to the rear enclosed patio had been cut open and a yellow Suzuki trail bike, which had been stored there, was gone. Mr. Gorgol testified that the motorbike was left in his care and possession by the owner (Steve Levan) for repairs, which were to be performed by Mr. Gorgol's son. (N.T. 8–9) The witness also testified that because it had rained prior to and during the day of the theft, tire tracks could be observed along a path leading from his patio to appellant's house, which was approximately one-hundred and ten feet away. (N.T. 13) In the course of following the tracks, Mr. Gorgol found his wife's empty wallet inside a plastic trash bag located in front of appellant's house. Mr. Gorgol testified that he "started banging" on appellant's front door; however, when he received no response he left.

Just before noon on the day of the theft, appellant's next door neighbor of some four years, Theresa Kilgus, testified to hearing a noise, looking out her front window and seeing

4. The Commonwealth's Motion was denied by a per curiam Order entered by this Court on June 16, 1981.

a vehicle backing onto her driveway, which was adjacent to appellant's driveway. From her vantage point, Ms. Kilgus saw the appellant and a friend of his "loading a [yellow Suzuki] motorcycle onto the trunk of the car." (N.T. 28, 29) About a week later, the owner of the motorbike discovered it in a creek situated behind the Gorgol's home.

In order to sustain the conviction for theft by receiving stolen property, this Court must be satisfied that the judge, acting in a reasonable and natural manner, was convinced beyond a reasonable doubt that the Commonwealth proved: 1) that there was a theft of property; 2) that the accused must have had possession of that property; and 3) that the accused knew the property was stolen or had reason to believe that it was probably stolen. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978).

Initially, appellant argues that the Commonwealth failed to prove that the yellow Suzuki was *in fact* stolen. That is, since Mr. Gorgol's son or the true owner, Mr. Levan, could have lawfully removed the motorbike from the patio area, or authorized a third party to do so, it was incumbent upon the Commonwealth to produce said witnesses to rebut this point. Absent such testimony, he claims, his guilt was not proven beyond a reasonable doubt. We do not agree.

Since in this Commonwealth the lawful possession of property as a bailee is sufficient proof of ownership as against a wrongdoer, it was not necessary for the prosecution to produce the title owner of the motorbike. *See Commonwealth v. Schultz*, 168 Pa.Super. 435, 79 A.2d 109 (1951), cert. denied, 342 U.S. 842, 72 S.Ct. 71, 96 L.Ed. 636 (1951). Proof that Mr. Gorgol had lawful possession, as bailee, of the property was sufficient to establish the commission of a theft. *Commonwealth v. Schultz, supra; see also Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970); *Commonwealth v. Sanders*, 225 Pa.Super. 432, 434, 311 A.2d 706, 707 (1973) ("it is possible to establish a nonconsensual taking or theft without the possessor's testimony").

Moreover, to give credence to appellant's contention would require us not only to discount the fact that the appellant was seen in possession of the stolen property only hours after the theft, but to indulge in mere speculation and surmise in doing so. This the Court will not do. *See generally Commonwealth v. DiFrancesco*, 458 Pa. 188, 193 n. 3, 329 A.2d 204, 207 n. 3 (1974); *Commonwealth v. Jones*, 242 Pa.Super. 471, 364 A.2d 368 (1976); *Commonwealth v. Adams*, 234 Pa.Super. 387, 338 A.2d 642 (1975).

■ Appellant next asserts that the Commonwealth failed to prove that the motorbike seen by Ms. Kilgus was the same bike that had been stored on Gorgol's patio. In support of such claim, appellant cites *Commonwealth v. Wright*, 449 Pa. 358, 296 A.2d 746 (1972) and *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977). Reliance on these cases is misplaced. To explicate, *Kinsey* is factually distinguishable in that the complainant there "could not specifically identify" the items taken from the accused "as his property." Here, the stolen property (motorbike) was not found in appellant's possession, nor was the complainant's ability to identify the motorbike an issue.

*Wright* is no more supportive of appellant's position. There, the Court, in dismissing the offense of receiving stolen property and discharging the defendant, held:

"At best, the Commonwealth has shown that the vehicle that was stolen from Mr. Lafazio was similar or the same in color make and year to the vehicle the defendant was in at the time of his arrest. Additionally, the defendant had been observed at some point driving the latter vehicle. Unfortunately, for the Commonwealth, there was not one shred of evidence to establish that the vehicle of Mr. Lafazio was the same as the vehicle in which the defendant was found.[5] Clearly, the Commonwealth's responsi-

5. The 1961 Chevrolet in which the defendant was arrested was described by the police as "goldish brown" in color. Mr. Lafazio identified the vehicle brought to the police station as his, but described the color as "green." Another Commonwealth witness, who was the victim of a shooting linked to the defendant, testified that the 1961 or 1962 Chevrolet which he observed the defendant driving was

bility to prove this element of the crime of receiving stolen goods beyond a reasonable doubt[, i. e., that property belonging to the victim was "stolen,"] was not satisfied by the testimony of Mr. Lafazio to the effect that he made an identification of his vehicle at 'the police station'." *Commonwealth v. Wright, supra,* 449 Pa. at 361, 296 A.2d at 747.

Instantly, unlike in *Wright,* we do have proof that "goods" were "stolen," i. e., Mr. Gorgol, as bailee, confirmed the unlawful taking of the motorbike. *See* discussion *supra.* Moreover, we have the testimony of an eyewitness (Ms. Kilgus) placing the appellant in *possession* (exercising dominion and control) of a motorbike that was the "same in color and make" as the one reported stolen by Mr. Gorgol. *See Commonwealth v. Walters,* 250 Pa.Super. 446, 378 A.2d 1232 (1977). At trial, Ms. Kilgus recounted that shortly before noon on the day of the theft she saw, from the front window of her home, the appellant and another male loading a yellow Suzuki motorbike into the trunk of a vehicle. Based on such testimony, the lower court concluded that "Harrison had possession of the bike." (Lower Court Opinion, at 3)

It being within the province of the trier of fact to believe all, part or none of the evidence presented, *see Commonwealth v. Washington,* 259 Pa.Super. 407, 393 A.2d 891 (1978), and to draw all reasonable inferences therefrom, *Commonwealth v. Jones, supra,* it is obvious that the trial judge, as the arbiter of fact, inferred that appellant had the power to control the stolen property from Ms. Kilgus' testimony that she observed appellant "actively participating" in removing a yellow Suzuki bike from his premises. *See Commonwealth v. Roscioli,* 454 Pa. 59, 64–65 n. 5, 309 A.2d 396, 399 n. 5 (1973); *Commonwealth v. Walters, supra; see also Commonwealth v. Murray,* 246 Pa.Super. 422, 371 A.2d 910 (1977). The Court finds no reason to disturb such ruling.

"light green or turquoise" in color. 449 Pa. at 361, 296 A.2d at 747. Instantly, there is no such discrepancy on the part of any of the Commonwealth's witnesses as to the physical characteristics of the motorbike.

Since mere possession alone is not sufficient to prove theft, *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974); *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977), the Court must determine if the Commonwealth presented sufficient evidence from which it could be concluded that the appellant "intentionally receive[d], . . . or dispose[d] of movable property of another knowing that it ha[d] been stolen, or believing that it ha[d] probably been stolen . . . ." 18 Pa.C.S.A. § 3925(a).

■ Although the Commonwealth presented no direct proof of the appellant's guilty knowledge, this element may be established by circumstantial evidence. *Commonwealth v. Henderson*, 451 Pa. 452, 455, 304 A.2d 154, 156 (1973). Relevant considerations include:

"[T]he appellant's conduct; the appellant's relationship to the victim; the elapsed time between the appellant's possession and the theft; the situs of the theft and the situs of the possession; the kind of property; the quantity of the property; and the identifying characteristics of the property." (Citations omitted) *Id.*

Based on the preceding standard, we note that the appellant and the victim were neighbors. Next, the time lapse between the reported theft and appellant's possession of the stolen property consisted of about five hours, clearly "recent" under the holding of *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976).[6] Finally, the situs of the theft (Gorgol's patio) and the situs of the possession (Ms. Kilgus' driveway), were in close proximity to each other. At trial, additional circumstantial evidence was produced. For example, Mr. Gorgol testified that: a) his home was burglarized at the same time that the motorbike was stolen; b) he found his wife's empty wallet, which was taken the morning of the burglary, in a trash bag located outside of the appellant's home; c) he found tire tracks leading from his

6. *Williams* held that possession of an automobile twelve days after it was stolen was "recent." *Accord Commonwealth v. Worrell*, 277 Pa.Super. 386, 419 A.2d 1199 (1980) (accused possessed stolen property within a month of its theft).

patio to appellant's residence; and d) the motorbike was discovered in a creek situated behind his home a week after it was stolen. *See Commonwealth v. Williams,* supra.

■ Although a conviction cannot rest upon mere presence near the scene of the crime or upon mere suspicion or conjecture, the Commonwealth's burden may be met entirely by circumstantial evidence, and it is sufficient if the circumstances are consistent with criminal activity even though they might likewise be consistent with innocent behavior. *Commonwealth v. Lovette,* 271 Pa.Super. 250, 413 A.2d 390 (1979).

■ It is true that no one testified to having seen the appellant enter Gorgol's home or remove the motorbike from the patio. However, the evidence of the bike tracks, the location of the discarded wallet, the appellant being seen in possession of the stolen property within a few hours after the burglary at a situs contiguous to the victim's home, when viewed in toto, was sufficient evidence from which the fact-finder could have reasonably inferred that the appellant had committed the theft. *See Commonwealth v. Henderson, supra; Commonwealth v. Price, supra; see also Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975); *cf. Commonwealth v. Courts,* 468 Pa. 613, 364 A.2d 684 (1976) (circumstantial evidence can be used to prove the Commonwealth's case, since it can be as reliable and persuasive as eyewitness testimony). As we reiterated in *Commonwealth v. Adams, supra:*

> " ' . . . it is not necessary that each piece of evidence be linked to the [defendant] beyond a reasonable doubt. It is only necessary that each piece of evidence include the [defendant] in the group who could be linked while excluding others, and that the combination of evidence link the [defendant] to the crime beyond a reasonable doubt.' " *Id.* 234 Pa.Super. at 394, 338 A.2d at 645.

We find that the evidence was sufficient to support the lower court's finding of guilt.

Judgment of sentence affirmed.