446 A.2d 295

**COMMONWEALTH of Pennsylvania**

v.

**Robert Andrew LEWIS, Appellant.**

Superior Court of Pennsylvania.

Argued May 27, 1981.

Filed May 28, 1982.

Petition for Allowance of Appeal Denied Sept. 27, 1982.

Louis Podel, Philadelphia, for appellant.

Garold E. Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and McEWEN, JJ.

McEWEN, Judge:

Appellant-defendant here contends that the trial judge denied his constitutional right to an appeal when the trial judge, after the defendant had escaped from custody and while a fugitive for fourteen months, dismissed the post-trial motions of the defendant. We reject this contention and, therefore, affirm.

The defendant was convicted on March 10, 1978 by a jury of robbery, burglary and criminal conspiracy after a trial in the Philadelphia County Common Pleas Court. Even though the defendant had failed to file timely motions with the Common Pleas Court following the verdict of guilt, the trial judge approved the petition of the defendant for leave to file post-trial motions nunc pro tunc. Those motions were

filed on April 20, 1978 and scheduled for the presentation of oral argument on June 15, 1978.

Since the defendant had escaped from prison and was a fugitive on June 15, 1978, the scheduled date of argument, the trial judge continued the argument date until further notice but took no other action.[1]

The record reflects that when the presentation of oral argument was next scheduled on September 26, 1978, the defendant was still a fugitive and failed to appear, as a result of which the trial judge directed that a bench warrant be issued and that sentence be deferred pending apprehension.[2]

It appears, therefore, that while the trial judge simply continued argument upon the post-trial motions when first listed on June 15, 1978, the trial judge specifically addressed the fugitive status of the defendant at the second listing on September 26, 1978, and proceeded to (1) issue a bench warrant and also (2) defer sentence until the appellant was apprehended. The action of the court at this second listing made clear that no longer would sentence be deferred for argument upon the motions. Rather, the court directed that the next proceeding in the case would be for the purpose of imposing sentence, once the defendant was again in custody. It is obvious, therefore, that the court considered the escape and flight by the defendant to constitute a waiver of the outstanding motions and deemed that, thereby, the motions were concluded.

The defendant, after some fourteen months as a fugitive, was finally returned to custody, not by his voluntary surrender but by his apprehension. When the court imposed the sentence on January 16, 1980, the court stated that the

1. Information No. 0852, April 1977, has an entry in writing which reads: "6–15–78 Room 653 . . . Judge J. T. McDermott . . . Post-trial Motions C.F.N. [continued until further notice]."

2. The information mentioned in footnote 1, above, has a second and signed entry in writing which immediately follows the first entry, and reads: "9–26–78 Defendant F.T.A. [failed to appear]—Bench Warrant issued—Sentence further deferred pending apprehension. By the court. McDermott, J."

appellant had waived his post-trial motions by reason of his escape and flight. The court directed the defendant to serve a term of from ten to twenty years for robbery and a consecutive term of from five to ten years for burglary, and suspended sentence on the charge of criminal conspiracy.

Appellant contends that the refusal of the trial judge to consider the merits of the post-trial motions was a denial of his constitutional right to an appeal. Appellant specifically argues that Article V, Section 9 of the Pennsylvania Constitution [3] guarantees the right of appeal and that his escape and continuing flight was not an intentional, intelligent and knowing waiver of this constitutional right. The Pennsylvania Supreme Court has not viewed Article V, Section 9 as an obstacle to the type of dismissal which we are here called upon to review since that very Court itself dismissed, sua sponte, appeal proceedings pending before it, where the appellant had become and remained a fugitive subsequent to the time that appellant had filed the appeal with and submitted briefs to the Supreme Court. *Commonwealth v. Tomlinson*, 467 Pa. 22, 354 A.2d 254 (1976). Our Supreme Court had, just one year earlier, discussed this issue in *Commonwealth v. Galloway*, 460 Pa. 309, 311–12, 333 A.2d 741, 743 (1975):

> The rationale behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court and, hence, might not be responsive to the judgment of the court. *See Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876); *Ruetz v. Lash*, 500 F.2d 1225 (7th Cir. 1974); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973); *Johnson v. Laird*, 432 F.2d 77 (9th Cir. 1970).

**3.** Article V, Section 9, provides:
There shall be a right of appeal in all cases to a court of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court is to be provided by law; and there shall be such other rights of appeal as may be provided by law.

We thus see that the Pennsylvania Supreme Court has not been disposed to view any provision of the constitution as precluding it from dismissal of an appeal by reason of the escape and flight of the appellant. Nor has this court been so inclined. *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978); *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976); *Commonwealth v. Barron*, 237 Pa.Super. 369, 352 A.2d 84 (1975).

No more sound nor more authoritative rationale can be provided than was provided by our eminent and distinguished colleague, Judge Gwilym A. Price, in *Commonwealth v. Barron, supra*, when he quoted from two opinions of the United States Supreme Court which, interestingly enough, though a century apart, reflect a consistency of view by that Court upon this issue:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the commission. While such an escape does not strip the case of its character as an adjudicable case for controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586, 587–88 (1970).

> \*     \*     \*     \*     \*     \*

> It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render. In this case it is admitted that the plaintiff in error has escaped, and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail. If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined

to hear and decide what may prove to be only a moot case. *Smith v. United States*, 94 U.S. at 97, 24 L.Ed. 32 (1876). Judgment of sentence affirmed.

WIEAND, J., has filed a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. It is one thing to dismiss post-verdict motions when a defendant is not within the custody and control of the Court, but it is quite another matter to refuse to consider undismissed post-verdict motions at a time when the defendant has been returned to custody and thus to the Court's power and control.

The instant appeal involves post-trial motions in the latter posture. Argument on post-trial motions had been continued generally, but they had not been dismissed prior to the time when appellant was recaptured. The post-trial motions, therefore, remained viable but undecided after appellant was once again subject to the jurisdiction of the trial court and could be made to respond to any judgment the court might enter. Under such circumstances, both the Supreme Court of Pennsylvania and this Court have held that the defendant is entitled to have his post-trial motions decided on their merits. *See Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975); *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978); *Commonwealth v. Borden*, 256 Pa.Super. 125, 389 A.2d 633 (1978). *See also Commonwealth v. Harrison*, 289 Pa.Super. 126, 129–31, 432 A.2d 1083, 1085–1086 (1981).

The reason for this distinction becomes more readily apparent if we consider the hypothetical situation in which an escapee is re-captured within a few hours of his escape. Such a defendant, in my judgment, could not properly be held to have forfeited the right to obtain a judicial review of post-verdict motions pending at the time of his escape. It is not the period during which the escape continues that is controlling, however. Rather, it is whether post-verdict motions have been dismissed during the period in which the

defendant was outside the custody and control of the court which is determinative.

Under the present state of the law, the merits of appellant's post-verdict motions should have been considered, and it was an abuse of discretion to dismiss them out of hand after appellant had again been returned to custody and thus to the Court's power and control.

For this reason, I would remand the record to the trial court with directions to consider the merits of appellant's post-trial motions.