465 A.2d 1025

**COMMONWEALTH of Pennsylvania**

v.

**Michael LLOYD, Appellant.**

Superior Court of Pennsylvania.

Argued April 5, 1983.

Filed Sept. 9, 1983.

8

William H. Mitman, Jr., West Chester, for appellant.

Eric Gavin Marttila, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

SPAETH, Judge:

■ This is an appeal from a judgment of sentence for robbery and related offenses. Appellant filed a motion in arrest of judgment or for a new trial, and later, a motion for a new trial based on after-discovered evidence. When the motions were called for argument the trial court dismissed them because appellant was a fugitive. Appellant was apprehended, and filed an application to reinstate the motions. Without ruling on the application to reinstate, the trial court imposed sentence. In its opinion in response to this appeal the court states that it denies the application to reinstate, and also, denies the motion in arrest of judgment or for a new trial and the motion for a new trial based on after-discovered evidence. However, the court had no power to deny either the application to reinstate the motions or the motions themselves, for this appeal had divested it of

jurisdiction. Given the trial court's failure to rule on the application to reinstate, we have concluded that we should rule on it. So ruling, we grant the application to reinstate the motions, vacate the judgment of sentence, and remand with instructions to the trial court to hear argument on the motion in arrest of judgment or for a new trial, and to hold a hearing on the motion for a new trial based on after-discovered evidence.

On January 23, 1981, a jury found appellant guilty of robbery and related offenses. On January 28 appellant filed a motion in arrest of judgment or for a new trial, and on July 17, a motion for new trial based upon after-discovered evidence. Meanwhile, on July 1, appellant had escaped from the county prison. On August 10, when appellant's motions were called for argument, the trial court dismissed the motions on the ground that appellant was still a fugitive.

On September 19, 1981, appellant was apprehended and returned to prison, and on November 13 he filed an application to reinstate his motion in arrest of judgment or for a new trial and his motion for a new trial based on after-discovered evidence. The record discloses that the trial court failed to rule on the application to reinstate: the docket contains no entry of an order in response to the application; the record papers contain no such order; and from the transcript of the sentencing proceeding, it appears that no such order was announced from the bench. On March 15, 1982, without ever having ruled on the application to reinstate, the trial court sentenced appellant to 10 to 20 years in the state penitentiary. In its opinion in response to this appeal the court states for the first time that it denies appellant's application to reinstate his motion in arrest of judgment or for a new trial and his motion for a new trial based on after-discovered evidence. Slip op. at 3. After referring to its earlier order dismissing the motions, on the ground that appellant was a fugitive, the court continues:

Assuming that it is still within our discretion to refuse to hear Defendant's motions at this level, we deny Defend-

> ant's petition [application to reinstate the motions]. Since we anticipate that the Superior Court might overturn this decision, we will proceed to the merits of the Post-Trial Motions.

Slip op. at 3.

The court then discusses the issues raised by the motions, and concludes its opinion by stating: "Accordingly, we deny all post-verdict motions." Slip op. at 27.

We cannot accept this manner of proceeding. The trial court should not have sentenced appellant without first ruling upon the application to reinstate the motion in arrest of judgment or for a new trial and the motion for a new trial based on after-discovered evidence. The court's initial dismissal of the motions, when they were called for argument, was proper, for appellant was then a fugitive. *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978). However, when the application to reinstate the motions was filed, the issue became whether in a sound exercise of its discretion the trial court should grant the application to reinstate the motions so that they could be heard and a determination made whether appellant had been properly convicted. *Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975); *Commonwealth v. Harrison*, 289 Pa.Super. 126, 432 A.2d 1083 (1981). If the court had determined that the application to reinstate the motions should be denied, then it could have imposed sentence, and on appeal the issue would be whether in denying the application the court had exercised its discretion properly. If, on the other hand, the court had determined that the application to reinstate the motions should be granted, then it could have heard argument on the motion in arrest of judgment or for a new trial, and have held a hearing on the motion for a new trial based on after-discovered evidence. If after argument and hearing the court had concluded that the motions should be denied, it could have denied them and imposed sentence, and on appeal we could have reviewed the motions on their merits.

■ By proceeding to sentence appellant without first ruling on the application to reinstate the motions, the trial court has precluded appellate review of its decisions. It is true that the court says in its opinion that it has decided that the application to reinstate the motions should be denied. But that isn't the sort of decision that we can review, for the court didn't make it until after it had sentenced appellant and he had appealed. By then, the court had lost its jurisdiction to rule on the application to reinstate. It is also true that the court says in its opinion that it has decided that both the motion in arrest of judgment or for a new trial and the motion for a new trial based on after-discovered evidence should be denied. But neither is that the sort of decision that we can review, for it too wasn't made until after sentencing and appeal, and therefore not until after the court had lost its jurisdiction to rule on the motions. (It may also be noted in this regard that, the matter of jurisdiction aside, the court had precluded itself from ruling on the motions: it had dismissed them, on the ground that appellant was a fugitive, and had never reinstated them.) *See* Pa.R.App.P. 1701(a) ("[A]fter an appeal is taken ... the trial court ... may no longer proceed further in the matter.") *See also*, Comment to Pa.R.Crim.P. 1123 ("Post-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence.") and Comment to Pa.R.Crim.P. 1405 ("The sentencing proceeding should not take place until all post-verdict motions have been disposed of, ....")

■ This state of the record does not, however, entirely disable us. We may ourselves rule on appellant's application to reinstate his motion in arrest of judgment or for a new trial and his motion for a new trial based on after-discovered evidence. *Commonwealth v. Borden*, 256 Pa.Super. 125, 389 A.2d 633 (1978) (petition for leave to refile post-verdict motions *nunc pro tunc* considered and granted).

■ In ruling on appellant's application to reinstate his motions, we may start by noting that this is a case of some gravity: appellant has been sentenced to 10 to 20 years in prison. While this is of course not dispositive, still, the graver the case, the greater the interest in deciding whether the conviction was proper. Certainly one may forfeit his right to a review of his conviction, and by becoming a fugitive, appellant did forfeit it. However, appellant was apprehended and returned to the jurisdiction shortly after he became a fugitive, and his application to reinstate his motions seeking reversal of his conviction was filed promptly after his return and before he was sentenced. Moreover, the motions raise serious issues, in particular, perhaps, the motion for a new trial based on after-discovered evidence, in which appellant alleges that the principal witness against him at his trial later testified at the trial of another case that appellant had not committed the robbery for which he had been convicted but that another man had. And finally, since appellant is no longer a fugitive he is responsive to whatever orders may be entered on his motions. In these circumstances we have concluded, as we have in comparable cases, that it is "not an injudicious exercise of our discretion", *Commonwealth v. Borden, supra,* 256 Pa.Superior Ct. at 127, 389 A.2d at 634, to grant appellant's application to reinstate his motions. *And see Commonwealth v. Galloway, supra; Commonwealth v. Harrison, supra.* We therefore enter the following order:

Appellant's application to reinstate his motion in arrest of judgment or for a new trial and his motion for a new trial based on after-discovered evidence is granted; the judgment of sentence is vacated; and the case is remanded with instructions to the trial court to hear argument on appellant's motion in arrest of judgment or for a new trial, and to hold a hearing on his motion for a new trial based on after-discovered evidence. Jurisdiction relinquished.

WIEAND, J., files a concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting:

I agree with the majority that this matter should be remanded for an evidentiary hearing on appellant's motion for new trial based on after-discovered evidence. However, I disagree with the majority's decision to vacate the judgment of sentence and reinstate appellant's motion in arrest of judgment and his motion for new trial based on alleged trial errors.