483 A.2d 566

**COMMONWEALTH of Pennsylvania**

v.

**Paul MORRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed Oct. 19, 1984.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

HESTER, Judge:

This is an appeal from judgment of sentence entered after appellant was adjudged guilty on January 21, 1981 of, inter alia, burglary, criminal trespass and conspiracy. Appellant contends the lower court erred in denying his right to appellate review when it dismissed his post-verdict motions.

Appellant's post-verdict motions were first scheduled for oral argument on March 25, 1981. Due to administrative delay the matter was continued until October 27, 1981, at which time appellant failed to appear.

Appellant again failed to appear on April 6, 1982 as he had escaped the jurisdiction at or about that time. The trial judge specifically addressed appellant's fugitive status by issuing a bench warrant.[1] On April 22, 1982, the trial judge further recognized appellant's fugitive status and entered the following notation in the Quarter Sessions File: "Def.—Sentence [deferred sentence]."

When appellant again failed to appear at the October 20, 1982 listing, a second bench warrant was issued. On November 18, 1982, the judge entered in the Quarter Sessions file "BW to stand, Deferred Sentence, c [continued] 12–2–82."

Appellant was apprehended on or about November 16, 1982, after seven and one-half months as a fugitive. On December 2, 1982, the lower court formally dismissed appel-

1. The bench warrant was withdrawn on May 19, 1982.

lant's post-verdict motions prior to sentencing. Appellant filed with this Court a Petition to Remand requesting that the lower court be required to consider appellant's post-verdict motions. This Court denied the petition without prejudice to appellant's right to raise this issue on appeal.

We affirm the lower court based on the factually similar case of *Commonwealth v. Lewis*, 300 Pa.Super. 191, 446 A.2d 295 (1982). In *Lewis*, the trial judge afforded the fugitive defendant one continuance for his post-verdict motions. At the next scheduled hearing, the judge noted in the record "9–26–78 Defendant F.T.A.—Bench Warrant issued—Sentence further deferred pending apprehension."

The trial judge in *Lewis* dismissed the defendant's post-verdict motions upon his apprehension. In affirming the dismissal this Court stated:

> The action of the court at this second listing [9–26–78] made clear that no longer would sentence be deferred for argument upon the motions. Rather, the court directed that the next proceeding in the case would be for the purpose of imposing sentence, once the defendant was again in custody.

*Id.*, 300 Pa.Superior Ct. at 193, 446 A.2d at 296.

■ The record herein contains an even stronger manifestation of intent by the trial judge to proceed directly to sentencing upon appellant's apprehension. In *Lewis*, the trial judge specifically addressed the defendant's fugitive status on one occasion at the 9–26–78 listing. Herein, two separate bench warrants were issued and two distinct Quarter Sessions file notations, deferring sentence, evince the trial judge's conclusion the post-verdict motions were waived. The trial judge did not abuse his discretion in dismissing appellant's post-verdict motions, notwithstanding appellant's fugitive status had terminated on the date the trial judge formally dismissed the post-verdict motions.[2]

---

2. Appellant's reliance on *Commonwealth v. Borden*, 256 Pa.Super. 125, 389 A.2d 633 (1978), is inappropriate. The Court in *Borden* does not indicate how long the appellant was a fugitive. Herein, appellant was beyond the control of the jurisdiction for seven and one-half months; consequently, the trial judge did not abuse his discretion in dismissing appellant's post-verdict motions.

Appellant argues he was within the control of the court when his post-verdict motions were improperly dismissed, and *Commonwealth v. Harrison*, 289 Pa.Super. 126, 432 A.2d 1083 (1981), should control. Therein, the Commonwealth's Motion to Quash the Appeal due to the defendant's fugitive status was denied as the defendant was apprehended at the time the Motion to Quash was decided. Appellant's reliance on *Harrison, supra,* is mistaken as the appellate court had not considered the Commonwealth's Motion to Quash the Appeal prior to the defendant's apprehension. Unlike *Harrison,* the lower court's course of action herein was clear prior to appellant's apprehension. On two occasions it addressed appellant's fugitive status and directed sentencing upon his apprehension.

■ It is clear appellant waived his post-verdict motions by reason of his escape even though he was once again within the control of the court at the time the motions were formally dismissed. A better practice for the lower court would be to state or write for the record a formal dismissal of post-verdict motions at the time the post-verdict motions hearings are scheduled and defendant fails to appear; however, the lower court's entries in the Quarter Sessions files, similar to those in *Lewis,* clearly indicate the court considered appellant's escape to constitute a waiver of the outstanding motions prior to their formal dismissal.

Appellant further contends the court erred in extending the time for commencement of trial in violation of Pa.R. Crim.P. 1100. In light of our above ruling, this issue is waived.

Judgment of sentence affirmed.

CERCONE, J., filed a dissenting opinion.

CERCONE, Judge, dissenting:

I respectfully dissent. The trial court may properly have dismissed appellant's post-verdict motions while he was at large. *Commonwealth v. Borden,* 256 Pa.Superior Ct. 125, 389 A.2d 633 (1978). However, the court did not formally

dismiss those motions until after he was apprehended. My review of the case law leaves me to conclude that, despite *Commonwealth v. Lewis*, 300 Pa.Superior Ct. 191, 446 A.2d 295 (1982), the weight of authority distinguishes between dismissal of post-verdict motions while a defendant is a fugitive and after apprehension. Such a dismissal in the former case is proper; in the latter case, it is not. *See Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975); *Commonwealth v. Albert*, 260 Pa.Superior Ct. 20, 393 A.2d 991 (1978); *Commonwealth v. Borden*, 256 Pa.Superior Ct. 125, 389 A.2d 633 (1978); *Commonwealth v. Harrison*, 289 Pa.Superior Ct. 126, 432 A.2d 1083 (1981). *And see, generally Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

As Judge Wieand explained the distinction in his Dissent to *Commonwealth v. Lewis, supra,*

The reason for this distinction becomes more readily apparent if we consider the hypothetical situation in which an escapee is re-captured within a few hours of his escape. Such a defendant, in my judgment, could not properly be held to have forfeited the right to obtain a judicial review of post-verdict motions pending at the time of his escape. It is not the period during which the escape continues that is controlling, however. Rather, it is whether post-verdict motions have been dismissed during the period in which the defendant was outside the custody and control of the court which is determinative. *Commonwealth v. Lewis, supra,* 300 Pa.Superior Ct. at 196–97, 446 A.2d at 297–98.

Although the lower court's written comments of record on the issuance of the instant bench warrants can be read as implying that he considered appellant's post-verdict motions to be waived, the fact is that they were not actually dismissed until two and one-half weeks after he was apprehended.

Because I am of the opinion the court abused its discretion in refusing to consider appellant's post-verdict motions after he had been returned to the power and control of the

court, I would remand this case to the trial court for a consideration of the merits.