633 A.2d 640

**COMMONWEALTH of Pennsylvania**

v.

**James DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 1993.

Filed Nov. 18, 1993.

Sandra F. Zavodnick, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

This is James Davis' appeal from judgment of sentence. Davis was charged with possession of a controlled substance with intent to deliver, possession of drug paraphernalia and criminal conspiracy. His trial resulted in a hung jury. Thereafter, on May 25, 1988, Davis entered pleas of *nolo contendere* whereupon the Honorable Eugene E.J. Maier found him guilty on all charges. A pre-sentence report and psychiatric report were ordered and sentencing was set for July 14, 1988. Davis failed to appear for sentencing and the court issued a bench warrant. Three and one-half years later Davis was arrested on other charges and sentenced to an aggregate of 5 to 10 years on the above charges on March 17, 1992. Davis now appeals this sentence arguing the trial court abused its discretion in imposing an excessively harsh sentence which is considerably greater than the one imposed upon his co-defendant. He argues that the court based his sentence on impermissible considerations and failed to take into account his "present accomplishments."

The Pennsylvania Constitution guarantees the right to appeal. Pa.Const. Art. 5, § 9. This right, however, may be waived. "Nevertheless, the right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Commonwealth v. Passaro*, 504 Pa. 611, 614, 476 A.2d 346, 348 (1984) (citations omitted). The *Passaro* Court held that a fugitive's appeal will be quashed in his absence and will not be reinstated upon his return to custody. *Id.* Likewise, a fugitive's post-trial motions will be dismissed because of his fugitive status. *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976) (fugitive's post-trial motions dismissed and court did not abuse its discretion by not reinstating the motions when the defendant was returned to custody); *Com-*

*monwealth v. Morrison,* 334 Pa.Super. 505, 483 A.2d 566 (1984) (defendant's post-trial motions waived because of his fugitive status even though he was in custody when the motions were dismissed); *Commonwealth v. Lines,* 415 Pa.Super. 438, 609 A.2d 832 (1992) (no appellate review where defendant fled during jury deliberations, post-trial motions were filed in his absence and trial court denied the motions on substantive grounds upon his return), *alloc. denied,* 532 Pa. 662, 616 A.2d 983 (1992).

■ Most recently, the Supreme Court has addressed this issue in *Commonwealth v. Jones,* 530 Pa. 536, 610 A.2d 439 (1992). In *Jones,* defendant fled during jury selection and was tried *in absentia.* Defendant was convicted and post-trial motions were filed in his absence. These motions were denied on the merits and defendant was sentenced, again *in absentia.* Defendant was arrested while his appeal of judgment of sentence was pending. This Court quashed his appeal and the Supreme Court affirmed, ruling: "A defendant's voluntary escape acts as a per se forfeiture of his right of appeal, where the defendant is a fugitive *at any time after post-trial proceedings commence.* Such a forfeiture is irrevocable and continues despite the defendant's capture or voluntary return to custody." *Id.* at 541, 610 A.2d at 441 (emphasis added). Sentencing is to take place after post-trial motions are decided. *See Commonwealth v. Hurst,* 367 Pa.Super. 214, 532 A.2d 865 (1987); Comments to Pa.R.Crim.P. 1123 & 1405. Thus, sentencing may be deemed a post-trial proceeding and as such, Davis has forfeited his right to appeal. We cannot allow one convicted of a crime who flees before sentencing to appeal his sentence and argue for leniency because he has reformed himself during his flight. We will not permit a defendant to flout our judicial system in this manner.

For the foregoing reasons, we quash Davis' appeal. Jurisdiction relinquished.