J. S38002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JAMES HANTON, : No. 2316 EDA 2015
:
Appellant :

Appeal from the Judgment of Sentence, June 30, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. MC-51-MD-0000682-2015

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 08, 2016**

James Hanton appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County on June 30, 2015, after the trial court convicted him of criminal contempt[1] and sentenced him to three to six months' incarceration. We quash.

The trial court set forth the following:

> On July 17, 2014, [appellant] was sentenced to 11 ½ to 23 months['] incarceration, with immediate parole, followed by 5 years['] reporting probation for possession with intent to deliver crack cocaine, 35 P.S. § 780-113(a)(3). On May 9, 2015, [appellant] was charged with a summary offense for having an open can of malt liquor beer on the highway (MC-51-SU-0010604-2015); he was found guilty of this offense on June 18, 2015. After his summary arrest, [appellant] failed to report for three scheduled probation office visits; the probation

---
[1] 42 Pa.C.S.A. § 4132(3).

officer also wrote that it was "unclear if Subject appeared for [] his summary hearing on June 18, 2015 [] as he is still on active Absconder Warrants." [Appellant] told the probation officer several times that he could not report because of "lack of funds" and also called to complain that he was being treated unfairly by the probation officer. After informing this court that [appellant] absconded from probation and moved without informing probation, absconder warrants were issued by probation and the probation officer sent [appellant] notice via certified mail to his last known address to appear before this court on June 30, 2015.

On that date, [appellant] failed to appear and this court found [appellant] in contempt of court; he was sentenced to 3 to 6 months['] incarceration. At the hearing, the Public Defender was appointed to represent [appellant]. After defense counsel inquired whether the court had proof of service for [appellant], this court apprised counsel that probation informed the court that it served [appellant] "at his last known address, from which he left. That's 1513 Tyson Avenue, Apartment B[.]" Also, the *Gagnon II* Summary, dated [June] 26, 2015, noted "On June 22, 2015, this officer sent a hearing notice for 6/30/15 via Certified Mail as per Your Honor's instructions." This court cited this information during the hearing.

On July 28, 2015, a Notice of Appeal was filed by the Public Defender's Office. This court checked the court computer system immediately before writing this Opinion and [appellant] remains on bench warrant status.

On August 12, 2015, this court ordered the Public Defender's Office to file a Statement of Errors Complained of on Appeal within 21 days of the date of the Order. In the interim, on August 17, 2015, the Commonwealth moved to quash the appeal due to [appellant's] fugitive status. On September 1, 2015, [the assistant public defender] filed a 1925(b) Statement, nowhere in which he offers that

> [appellant] remains on bench warrant status, but complains that this court only relied on an "e-mail" to determine both that [appellant] absconded and that he was served. In [the public defender's] "Response To The Commonwealth's Motion to Quash Appeal Pursuant To Pa.R.A.P. 1972(6)," filed September 2, 2015, again, there, is no mention that [appellant] remains on fugitive status, but instead he argues that ". . . [appellant] is allegedly a fugitive when the sufficiency of the record to establish that [appellant] is a fugitive will be an issue presented in this appeal."

Trial court opinion, 9/11/15 at 1-3 (footnote omitted; citations to ***Gagnon II*** summary and 6/30/15 hearing omitted).

In this direct appeal, appellant claims that the evidence was insufficient to support his conviction for contempt for failing to appear because there was no competent evidence that appellant had notice of the probation violation hearing. We need not address appellant's claim on the merits because we quash this appeal due to appellant's fugitive status on appeal.

The record reflects that on August 17, 2015, the Commonwealth filed a motion to quash this appeal pursuant to Pa.R.A.P. 1972(6) because appellant is a fugitive. The record further reflects that on September 15, 2015, this court denied that motion without prejudice to the Commonwealth's right to raise the issue before this panel. The Commonwealth now raises this issue and requests that we quash this appeal pursuant to Pa.R.A.P. 1972(6) because appellant is a fugitive.

Pa.R.A.P. 1972(6) expressly provides for the quashing of an appeal when the defendant is a fugitive. The rationale behind the dismissal of an appeal when defendant is a fugitive rests upon the inherent discretion of courts to refuse to hear claims of litigants who, by escaping, place themselves beyond the jurisdiction and control of the courts and, therefore, might not be responsive to the judgment of the courts. *Commonwealth v. Harrison*, 432 A.2d 1083, 1085 (Pa.Super. 1981) (citations omitted). As the United States Supreme Court has stated:

> No persuasive reason exists why [an appellate court] should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970).

Accordingly, dismissal is the clear course of action where an escapee is not amenable to the court's jurisdiction. *See Harrison*, 432 A.2d 1083; *see also Commonwealth v. Tomlinson*, 354 A.2d 254 (Pa. 1976) (appeal dismissed *sua sponte* where appellant, subsequent to filing and submission of briefs on appeal, became and remained a fugitive); *In re Dixon*, 422 A.2d 892 (Pa.Super. 1980) (appeal dismissed when court learned of appellant's fugitive status from district attorney's office); *Commonwealth*

***v. Albert***, 393 A.2d 991 (Pa.Super. 1978) (same); ***Commonwealth v. Barron***, 352 A.2d 84 (Pa.Super. 1975) (same).

Here, the Commonwealth has informed this court, and has provided documentation to show, that appellant is a fugitive. Counsel for appellant additionally has not asserted that appellant is no longer a fugitive. We decline to review the sufficiency of the evidence for the court's finding of contempt. We, therefore, quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016