J-S63008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :   PENNSYLVANIA
                        :
           v.                 :
                        :
                        :
JAMES ALBERT HOLLAND        :
                        :
         Appellant        :   No. 1601 WDA 2017

Appeal from the PCRA Order September 28, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003142-1976

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                **FILED NOVEMBER 28, 2018**

James Albert Holland appeals, *pro se*, from the order entered September 28, 2017, in the Allegheny County Court of Common Pleas, dismissing his petition for writ of mandamus, which the court construed to be an untimely petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Holland seeks relief from the judgment of sentence of 10 to 20 years' imprisonment, imposed on December 20, 1976, following his jury conviction of robbery, theft and recklessly endangering another person ("REAP").[2] On appeal, Holland contends the trial court violated his rights when

---

*Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S. §§ 3701, 3921, and 2705, respectively.

it failed to quash his indictment, and the PCRA court erred when it construed his mandamus petition to be an untimely PCRA petition. We affirm.

The pertinent facts and procedural history are as follows. On October 29, 1976, a jury found Holland guilty of robbery, theft, and REAP. On December 20, 1976, the court sentenced him to an aggregate term of 10 to 20 years' imprisonment. He filed a direct appeal to this Court. However, while the appeal was pending, Holland escaped from prison and became a fugitive. Consequently, this Court quashed his direct appeal on November 1, 1978. *See Commonwealth v. Albert*,[3] 393 A.2d 991 (Pa. Super. 1978).

It is unclear from the certified record provided to us when Holland was apprehended. However, in a prior appeal, a panel of this Court explained:

> On September 19, 1980, Holland was sentenced to one to two years in prison on an escape conviction. This sentence was to run concurrent to the sentence imposed [in the present case]. On November 20, 1981, Holland was sentenced to two and one-half to five years in prison for possessing a weapon or implement of escape. This sentence was to run consecutive to Holland's prior sentences, for an aggregate sentence of twelve and one-half to twenty-five years in prison.[1]
>
> _____
>
> [1] We note that Holland was sentenced to twelve to thirty years in prison in 1959. Holland was paroled in 1971; however, his convictions in 1976 resulted in a revocation of his parole and Holland was sentenced to the balance of his 1959 sentence. **Accordingly, Holland did not begin serving the above aggregate sentence until April 14, 1996**.

_____

[3] The caption in Holland's prior appeals identify him as "James Albert, a/k/a James Holland." *See Albert*, *supra*. However, in this appeal, he refers to himself as "James Albert Holland."

***Commonwealth v. Albert***, 987 A.2d 808 (Pa. Super. 2009) (unpublished memorandum at 1-2), *appeal denied*, 991 A.2d 309 (Pa. 2010).

On February 2, 1987, Holland filed a petition for collateral relief under the Post Conviction Hearing Act, the predecessor to the PCRA. The trial court denied relief, this Court affirmed on appeal, and the Pennsylvania Supreme Court denied Holland's petition for allowance of appeal. ***See Commonwealth v. Albert***, 551 A.2d 592 (Pa. Super. 1988) (unpublished memorandum), *appeal denied*, 558 A.2d 530 (Pa. 1989). Thereafter, Holland sought relief under the now-repealed 61 P.S. § 81, requesting modification of his sentence due to a medical condition. Counsel was appointed, and filed an amended petition on November 15, 2007, which the trial court denied. This Court subsequently affirmed the trial court's ruling, and the Pennsylvania Supreme Court denied Holland's petition for allowance of appeal. ***See Albert***, ***supra***, 987 A.2d 808.

On May 10, 2017, Holland filed a *pro se* petition for writ of mandamus.[4] He alleged his indictment was "totally defective" because the complainant, Edward Koeach, did not appear "before the justice of the peace's hearing,"

---

[4] The Pennsylvania Supreme Court has explained:

> A proceeding in mandamus is an extraordinary action at common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy.

***Coady v. Vaughn***, 770 A.2d 287, 289 (Pa. 2001).

- 3 -

which Holland waived, or before the indicting grand jury. Petition for Writ of Mandamus, 5/10/17, at 2. Moreover, he claimed his "accuser" identified him during an improper show-up at the jail under a ruse that Holland was meeting with his attorney. *Id.* at 1. Holland also asserted another witness, William Moore, who was not named in the indictment, testified against him at trial as a victim of the crime. *See id.* Therefore, Holland insisted he was denied procedural due process. *See id.* at 3. On August 10, 2017, the PCRA court issued notice of its intent to treat the request for relief as a PCRA, and dismiss it without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Holland did not file a response to the court's Rule 907 notice, and on September 28, 2017, the PCRA court dismissed the petition as patently frivolous. This timely appeal followed.[5]

Holland raises two issues in his brief, which we will consider in reverse order. First, he contends the PCRA court erred in converting his petition for writ of mandamus to a PCRA petition, rather than a state habeas petition,[6] so

---

[5] We note the PCRA court's order dismissing the petition was entered on the docket on October 2, 2017. Therefore, Holland's notice of appeal, filed on October 31, 2017, was timely.

On November 14, 2017, the trial court ordered Holland to filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Holland complied with the court's directive, and filed a concise statement on December 11, 2017.

[6] Holland appears to concede a petition for writ of mandamus was not the proper vehicle for him to obtain the relief he seeks. *See* Holland's Brief at 7-9.

- 4 -

that he would not be subject to the PCRA's time limitations. *See* Holland's Brief at 7-9. Furthermore, he argues his grand jury indictment should have been quashed by the trial court because (1) the complainant's name was not "endorsed on the indictment," and (2) Holland was subject to an improper show-up while in prison. Holland's Brief at 5.

Preliminarily, we note Holland's claim that the court improperly treated his request for relief as a PCRA petition, was not included in either his Pa.R.A.P. 1925(b) concise statement, or the statement of questions section of his brief. Rather, in both documents he raised the following two issues: (1) his rights were violated when "the trial court failed to quash the indictment[;]" and (2) the PCRA court erred "when it refused to vacate [his] judgment of sentence[.]" Concise Statement of Errors on this Appeal, 12/11/2017, at 1-2; Holland's Brief at 2. Accordingly, Holland's contention that the court improperly reframed his request for relief as a PCRA petition is waived.[7] *See Commonwealth v. Garland*, 63 A.3d 339, 342 (Pa. Super. 2013).

Next, Holland insists the PCRA court erred in failing to grant him relief regarding his claim that the trial court should have quashed his indictment. *See* Holland's Brief at 7. Our review of an order denying PCRA relief is "limited to a determination of whether the record supports the PCRA court's factual

---

[7] We emphasize, also, Holland did not respond to the PCRA court's Rule 907 notice, filed on August 10, 2017, when the court informed him it was treating his petition for writ of mandamus as a PCRA petition. *See* Notice of Intent to Dismiss, 8/10/2017.

findings and whether its legal conclusions are free from error." ***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016).

Here, the PCRA court found Holland's petition was untimely filed, and Holland failed to plead or prove the applicability of any one of the time-for-filing exceptions set forth in 42 Pa.C.S. § 9545(b)(1). ***See*** Trial Court Opinion, 2/13/2018, at 1-2. We agree.

The requirement that a PCRA petition must be filed within one year of the date the underlying judgment becomes final "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." ***Id.***

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). Holland's judgment of sentence was final on December 1, 1977, thirty days after this Court quashed his direct appeal, and he failed to petition the Pennsylvania Supreme Court for review. Therefore, he had until December 1, 1978, to file a timely PCRA petition,[8] and the one filed herein on May 10, 2017, is manifestly untimely.

_____

[8] We recognize the 1995 amendments to the PCRA provided a one-year grace period for a petitioner to file a first petition, when his judgment of sentence was final before the effective date of the amendment, that is, January 16, 1996. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 n.2 (Pa. 2010). The present petition, however, was Holland's **second**, and, in any event, was filed more than 20 years later.

Nevertheless, an untimely petition may still be considered if "the petition alleges and the petitioner proves" one of the time-for-filing exceptions set forth in Section 9545(b)(1). *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, Holland did not address the applicability of a timing exception in either his petition, or his appellate brief. Accordingly, we agree with the trial court's assessment that Holland's petition if manifestly untimely, and Holland is entitled to no relief.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2018

_____

[9] We note, too, it appears Holland is no longer serving a sentence for the conviction he is challenging. The PCRA requires a petitioner prove that at the time relief is granted, he is "**currently** serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i) (emphasis supplied). In a prior appeal, a panel of this Court explained that Holland began serving his sentence for the present offenses on April 14, 1996. *See Albert*, *supra*, 987 A.2d 808 (unpublished memorandum at 2 n.1). Although that prior decision aggregated the sentences imposed for his later convictions of escape in 1980, and possessing a weapon or implement of escape in 1981, the twenty-year maximum sentence for the present offenses would have expired on April 14, 2016.